NELSON, Circuit Judge:
 

 Bobby Ray West appeals his conviction on two counts of armed bank robbery, two counts of using a firearm in the commission of a violent felony, and two counts of possession of a firearm by a person convicted of three previous felonies, in violation of 18 U.S.C. §§ 2113(a), (d), 924(c), and 18 U.S.C.App. § 1202(c) (1982 & Supp. III 1985). He contends that the district court erred in convicting him under the Armed Career Criminal Act, in permitting the government to cross-examine him regarding his 1976 bank robbery conviction, and in imposing his sentence in an improper sequence. We have jurisdiction under 28 U.S.C. § 1291 (1982). We affirm.
 

 At trial, West stipulated that he had committed a bank robbery in 1976. On direct examination, he denied ever having worn a fake beard in an attempt to disguise him
 
 *911
 
 self. Over defense counsel’s objection, the government then cross-examined West concerning the circumstances of the 1976 robbery. West admitted that he had worn a wig to which a beard was attached during that robbery.
 

 The jury convicted West of two counts of armed bank robbery (Counts 1 & 11), two counts of using or carrying a firearm during a crime of violence (Counts 2 & 12), and two counts of possession of a firearm by a felon with three or more prior convictions for robbery and/or burglary (Counts 3 & 13). The judge sentenced West to 45 consecutive years on Counts 1, 2, 3, and 12, and 30 concurrent years on Counts 11 and 13.
 

 DISCUSSION
 

 A.
 
 Armed Career Criminal Act
 

 West contends that the Armed Career Criminal Act (“Act”), 18 U.S.C.App. § 1202(a) (Supp. III 1985), creates a separate offense, requiring the government to prove beyond a reasonable doubt his three prior felony convictions. We disagree. As a question of statutory interpretation, we review de novo West’s challenge to the Act.
 
 See United States v. Louisiana-Pacific Corp.,
 
 754 F.2d 1445, 1447 (9th Cir.1985).
 

 Although this issue is one of first impression in this circuit, we are persuaded by the reasoning of the Third and Tenth Circuits.
 
 See United States v. Hawkins,
 
 811 F.2d 210, 220 (3d Cir.1987);
 
 United States v. Gregg,
 
 803 F.2d 568, 570 (10th Cir.1986),
 
 cert. denied,
 
 - U.S. -, 107 S.Ct. 1379, 94 L.Ed.2d 693 (1987). We hold that the Armed Career Criminal Act is a sentence enhancement and not a separate statutory offense. Because the Act provides for sentence enhancement, the government was not required to prove West’s prior convictions beyond a reasonable doubt.
 
 See Hawkins,
 
 811 F.2d at 220;
 
 Gregg,
 
 803 F.2d at 570.
 

 The first sentence of section 1202(a) lists the five classes of persons for whom it is a crime to receive, transport, or possess firearms.
 
 [1]
 
 In 1984 Congress passed the Act, amending section 1202(a) to include the second sentence, which singles out felons for different treatment.
 
 [2]
 
 Thus, the Act expands section 1202(a)(1) (the subsection pertaining to felons) and “increase[s] the penalty for an already existing federal offense.”
 
 Gregg,
 
 803 F.2d at 570;
 
 see also Hawkins,
 
 811 F.2d at 220.
 
 But see United States v. Davis,
 
 801 F.2d 754, 755 (5th Cir.1986). The structure of the Act supports this conclusion. The Act’s incorporation into the second sentence of the same paragraph as the previously enacted section 1202(a), with no division into separate numbers or letters, suggests a congressional intent to enhance the section 1202(a)(1) penalty.
 
 See Hawkins,
 
 811 F.2d at 218-19;
 
 cf. Garrett v. United States,
 
 471 U.S. 773, 781, 105 S.Ct. 2407, 2413, 85 L.Ed.2d 764 (1985) (analyzing 21 U.S.C. § 848(a)(1) as a distinct offense).
 

 Moreover, the legislative history shows that Congress specifically intended the Act to serve as a sentence enhancement statute. The House Report states: “In ‘enhancing’ this offense [§ 1202(a) ] with H.R. 1627-type sanctions, if the defendant has been convicted three times of robbery or
 
 *912
 
 burglary, we are ‘enhancing’ an existing Federal crime____” H.R.Rep. No. 1073, 98th Cong., 2d Sess. 5,
 
 reprinted in
 
 1984 U.S.Code Cong. & Admin.News 3182, 3665. Representative Hughes, the principal sponsor of the legislation in the House, stated: “This bill would enhance the sanctions of 18 U.S.C.App. section 1202(a) with a 15-year minimum sentence if the defendant has been convicted three times of felonies for robbery or burglary.” 130 Cong.Rec. H10550 (daily ed. Oct. 1, 1984). Senator Spector, the Act’s sponsor in the Senate, stated: “This bill would create no new Federal crime. Under present section 1202(a), possession of a firearm by a convicted felon is already a Federal crime, with a maximum prison sentence of 2 years. This title would simply provide for a stiffer sentence for career criminals.” 130 Cong.Ree. S13080 (daily ed. Oct. 4, 1984).
 

 West also argues that even if this court construes the Act as a sentence enhancement, due process requires the trial judge to find that the three prior convictions satisfy the definitions set forth in 18 U.S.C.App. § 1202(c)(8) and (9). We find that West’s argument lacks merit.
 

 The government detailed West’s pri- or convictions in his presentence report. West did not challenge the information contained in the report. Nor has he shown that the information was materially false or unreliable.
 
 See Jones v. United States,
 
 783 F.2d 1477, 1481 (9th Cir.1986). Because a substantial factual basis exists for West’s prior convictions, we hold that his sentence does not implicate due process.
 
 See Hawkins,
 
 811 F.2d at 220;
 
 United States v. Wondrack,
 
 578 F.2d 808, 810 (9th Cir.1978).
 

 B.
 
 Impeachment Evidence
 

 West argues that the district court erred in allowing the government to impeach him during cross-examination regarding his use of a disguise for the 1976 bank robbery. The extent of cross-examination is within the discretion of the district court.
 
 United States v. Miranda-Uriarte,
 
 649 F.2d 1345, 1353 (9th Cir.1981). We find that the district court did not abuse its discretion.
 

 “A defendant who testifies at his trial may be cross-examined as to all matters reasonably related to the issue he puts in dispute by his testimony on direct.”
 
 Id.
 
 Here, West stipulated that he committed the 1976 robbery and placed his credibility at issue by denying that he had ever worn a false beard to disguise himself. He thus opened himself up to impeachment on this subject as a matter reasonably related to his direct testimony.
 
 See Bailleaux,
 
 685 F.2d at 1110 (“[H]aving opened the subject in his direct testimony, appellant may not object to the Government’s subsequent inquiries into the relevant aspects of his prior conviction.”).
 

 C.
 
 Order of Sentences
 

 West challenges the sequence in which the district court imposed his sentences. He argues that he should serve the sentences with no parole eligibility before those which provide for parole.
 

 When the district court imposes consecutive sentences for federal offenses, the Federal Bureau of Prisons aggregates the maximum terms into a single sentence. 28 C.F.R. § 2.5 (1986). Because the Bureau of Prisons will compute West’s parole eligibility based on his aggregate sentence, the order in which he serves the sentences is irrelevant.
 
 Cf. Hunter v. Martin,
 
 334 U.S. 302, 68 S.Ct. 1030, 92 L.Ed. 1401 (1974).
 
 [3]
 

 AFFIRMED.
 

 [1]
 

 . The first sentence of 18 U.S.C.App. § 1202(a) provides: Any person who—
 

 (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, or
 

 (2) has been discharged from the Armed Forces under dishonorable conditions, or
 

 (3) has been adjudged by a court of the United States or of a State or any political subdivision thereof of being mentally incompetent, or
 

 (4) having been a citizen of the United States has renounced his citizenship, or
 

 (5) being an alien is illegally or unlawfully in the United States, and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.
 

 [2]
 

 . The sentence states: "[A] person who receives, possesses, or transports in commerce or affecting commerce any firearm and who has three previous convictions by any court referred to in paragraph (1) of this subsection for robbery or burglary, or both, such persons shall be fined not more than $25,000 and imprisoned not less than fifteen years----” 18 U.S.C.App. § 1202(a).
 

 [3]
 

 . West filed a pro se brief on May 1, 1987, alleging ineffective assistance of counsel based on trial counsel’s failure to conduct an independent investigation into the facts of the case. The record offers no support for this contention. West’s counsel competently prepared and presented West's defense.
 
 See Strickland v. Washington,
 
 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).