UNITED STATES of America,
Plaintiff–Appellee,

v.

Victor Manuel VALENCIA–ROLDAN,
Defendant–Appellant.

No. 88–5422.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 1989.

Decided Jan. 10, 1990.

Joseph F. Walsh, Los Angeles, Cal., for defendant-appellant.

David C. Scheper, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before GOODWIN, Chief Judge, SCHROEDER and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

This criminal appeal raises several questions for review including whether 21 U.S.C. § 845b, which makes it unlawful to employ minors in drug trafficking, is a sentence enhancement or separate offense statute. We conclude that the district court properly construed section 845b as a separate offense statute and we affirm the judgment of conviction.

I

Valencia–Roldan ("Valencia") shared an apartment in Eagle Rock, California with his girlfriend, Martha Lopez, who was a minor at all times relevant to these events. On June 19, 1988, Juan Fredy Ramirez–Arboleda ("Ramirez"), who was temporarily staying with Valencia and Lopez, took $13,000 from the apartment and, under instructions from the appellant, who was in Alaska at the time, purchased one kilogram of cocaine. Ramirez then taped the cocaine to Lopez's back and drove her to Los Angeles International Airport, where she was scheduled to take a flight to Fairbanks, Alaska. Lopez was arrested before she could board the plane.

During the course of her post-arrest interrogation, Lopez consented to a search of the apartment she shared with Valencia. Los Angeles Police Department Detective Searle and Drug Enforcement Administration Special Agent Woessner then went to the apartment, knocked on the door, and announced their presence. Special Agent Woessner heard an individual come to the door, then turn and run away. Woessner knocked again, ordered the occupant to open the door, and, when nothing happened, he and Detective Searle forcibly entered the apartment. As they burst through the door, Searle and Woessner saw Ramirez, who was moving quickly away from them, toss a small object onto a nearby bookcase. The object was later found to be a folded dollar bill containing a small amount of nearly pure cocaine.

After confirming Ramirez's identity and that Valencia and Lopez lived there, the two officers arrested Ramirez and proceeded to search the apartment. They found a scale, a "pay and owe" notebook, two radio pagers, and a small amount of cocaine.

Acting pursuant to a warrant, Searle and Woessner arrested Valencia upon his return from Alaska the following week. They found $6,000 in cash, a $3,000 Western Union money transfer made out to Lopez, and paperwork listing the names of Ramirez, Lopez, and Mariano Rivera (the name under which Lopez was booked to fly to Fairbanks) on Valencia at the time of his arrest. The appellant admitted to having been in Alaska, where he had waited for Lopez, but denied knowledge of any cocaine. Later that same day, however, he admitted having arranged for Lopez to smuggle cocaine to Alaska by sending her $3,000 for the trip, but denied that the cocaine was his.

Valencia was indicted the following month in federal district court on three counts: conspiracy (a) to distribute, and to possess with the intent to distribute, cocaine; and (b) to use a juvenile to commit these offenses (Count I); aiding and abetting another to possess with the intent to distribute cocaine (Count II); and using a juvenile to possess with the intent to distribute cocaine (Count III). Prior to trial, the appellant moved to suppress evidence seized in the search of his apartment. The gist of his motion was that the search was unlawful because (1) Lopez's consent was vitiated both by the presence of a co-tenant (Ramirez) who did not consent to the search, and by the fact that Valencia would not have consented to the search had he been present; and (2) the officers did not comply with the provisions of 18 U.S.C. § 3109, the so-called "knock and notice" statute. Following a hearing with oral argument, the district court denied the motion. The appellant proceeded to trial without a jury, and was convicted on all three counts.

Valencia argues on appeal that the district court erred by ruling that (1) the search of the apartment was proper because based on a valid consent; (2) 21 U.S.C. § 845b is a separate offense statute and not one of sentence enhancement; and (3) section 845b does not require knowledge on the part of a defendant of a minor's age.[1]

## II

Although this circuit has not yet determined whether the existence of apparent authority to consent to a search presents a question primarily of law or of fact, see *United States v. Guzman*, 852 F.2d 1117, 1121 (9th Cir.1988), we need not resolve that problem here, as we would reach the same result regardless of the standard of review.

"[T]he consent of one who possesses common authority over premises ... is valid as against the absent, nonconsenting person with whom that authority is shared." *United States v. Matlock*, 415 U.S. 164, 170, 94 S.Ct. 988, 992–93, 39

---

1. We decline to consider whether the executing officers failed to comply with the "knock and notice" provisions of 18 U.S.C. § 3109 before entering the apartment. Valencia lacks standing to assert this argument because he was not present at the time. Ramirez (who was present) is not a party to this appeal, and we conclude that Lopez's consent to the search was valid at least so far as Valencia's rights are concerned.

L.Ed.2d 242 (1974). As it is uncontroverted that Lopez shared common authority over the apartment with the absent Valencia and consented to the search, the appellant cannot and indeed does not challenge the validity of the warrantless search on this ground. Instead, he argues that because another co-tenant (Ramirez) was present and did not expressly consent to the search, Lopez's consent was thereby vitiated and the entry was unlawful. Valencia cites the cases of *Tompkins v. Superior Court*, 59 Cal.2d 65, 27 Cal.Rptr. 889, 378 P.2d 113 (1963) and *United States v. Impink*, 728 F.2d 1228 (9th Cir.1984), in support of this position. The argument lacks merit.

In *Tompkins,* the police arrested Nieman for possession of drugs and obtained his consent to search the apartment he shared with Tompkins. When the police arrived at the apartment, Tompkins objected to their presence and refused to grant them permission to enter. The police forced their way into the apartment anyway, found more drugs, and arrested Tompkins. On appeal, the Supreme Court of California held that the search was unlawful:

> [O]ne joint occupant who is away from the premises may not authorize police officers to enter and search the premises *over the objection of another joint occupant who is present at the time,* at least where as in this case, no prior warning is given, no emergency exists, and the officer fails even to disclose his purpose to the occupant who is present or to inform him that he has the consent of the absent occupant to enter.

59 Cal.2d at 69, 27 Cal.Rptr. at 892, 378 P.2d at 116 (emphasis added).[2]

Citing *Tompkins,* we held in *Impink* that a warrantless search based on the implied consent of one with an inferior right of access to premises (*i.e.,* the lessor) could not stand where the one who possessed a superior right of access (*i.e.,* the lessee) was physically present and actively objected to the search. 728 F.2d at 1234.

Unlike the situation in *Impink,* Lopez had a right of access to the apartment equal, not inferior, to that of Valencia. Moreover, Lopez did not consent to the search merely by implication; she expressly agreed to it. Finally, unlike the situations in *Tompkins* and *Impink,* Valencia was not present at the time of the search. *Cf. United States v. Warner,* 843 F.2d 401, 403 (9th Cir.1988) (search based on consent of third-party must meet three criteria to be valid: (1) did third-party have equal right of access to premises; (2) if so, was suspect present at time of search; and (3) if so, did suspect actively oppose search?). Based on these facts, we hold that the district court did not err in ruling that the search was valid.

### III

■ The appellant's second argument is that his conviction under 21 U.S.C. § 845b for using Lopez (a minor) in the cocaine distribution effort (Count III) should be set aside because section 845b is not a separate offense statute, but rather a sentence enhancement statute. We review questions of statutory interpretation *de novo. Oregon Natural Resources Council v. Lyng,* 882 F.2d 1417, 1425 (9th Cir.1989).

Valencia correctly points out that no court has yet addressed the question whether 21 U.S.C. § 845b is a separate offense statute or a sentence enhancement statute, and our examination of the statute's legislative history has proved unavailing. However, we gave an indication of what we would look for in distinguishing separate offense statutes from sentence enhancement statutes in *United States v. West,* 826 F.2d 909 (9th Cir.1987).

*West* involved the interpretation of a provision of the Armed Career Criminal Act of 1984 ("Act"), 18 U.S.C.App. §§ 1201–03. The appellant in that case argued that the Act created a separate offense based on one's status as a career criminal, while the government contended that the Act merely provided for an enhanced sentence for those convicted of three prior felonies. We

---

**2.** We note in passing that this language has been substantially narrowed in more recent California decisions, with the result that the consent of a cotenant to a warrantless search cannot be subsequently barred by an absent tenant. *See People v. Veiga,* 214 Cal.App.3d 817, 262 Cal. Rptr. 919 (1989), and cases cited and discussed therein.

concluded that the Act constituted a sentence enhancement statute.

In reaching that decision, we noted that the Act amended an existing statutory provision by adding a second sentence that did nothing other than "increase the penalty for an already existing federal offense." 826 F.2d at 911 (quoting *United States v. Gregg*, 803 F.2d 568, 570 (10th Cir.1986), *cert. denied*, 480 U.S. 920, 107 S.Ct. 1379, 94 L.Ed.2d 693 (1987)). We also found that the amendment was incorporated into the previously existing statute by including it in the same paragraph, with "no division into separate numbers or letters." 826 F.2d at 911.

Unlike the situation presented in *West*, section 845b represents considerably more than the addition of a single sentence to a standing statute; it is a separately enumerated provision, with subheadings and separate paragraphs. Moreover, section 845b addresses not simply the sale or distribution of drugs, as does, for example, 21 U.S.C. § 841, but the employment of a minor in a drug operation. A review of the other sections in Title 21 discloses no similar provision, a fact which tends to undercut Valencia's argument that a defendant could not violate section 845b without violating other portions of Title 21 as well. We conclude that 21 U.S.C. § 845b is a separate offense statute and not merely one of sentence enhancement. *Cf., generally, United States v. Kinsey*, 843 F.2d 383, 391–92 (9th Cir.1988) (discussing sentence enhancement provisions of 21 U.S.C. §§ 841(b)(1)(A) and 851(e) in context of jury trial rights).

### IV

Valencia's third and final argument is that a conviction under section 845b requires the government to prove that a defendant knew that one in his employ was under age. We review *de novo*. *See Lyng*, 882 F.2d at 1425.

This position was considered and rejected in *United States v. Carter*, 854 F.2d 1102 (8th Cir.1988), the only published opinion to address the question. In that case, the Eighth Circuit expressly held that it would be both illogical and inconsistent with the purpose behind the statute to "permit drug dealers to close their eyes as to the age of the minors who become part of the operation, without fear of reprisal." *Id.* at 1109. In reaching that conclusion, the court quoted extensively from the Eleventh Circuit's decision in *United States v. Pruitt*, 763 F.2d 1256, 1261–62 (11th Cir.1985), *cert. denied*, 474 U.S. 1084, 106 S.Ct. 856, 88 L.Ed.2d 896 (1986), which analogized the knowledge requirement of 21 U.S.C. § 845[3] to that of the White Slave Traffic Act (18 U.S.C. §§ 2421–2424). *Carter*, 854 F.2d at 1108–09; *cf. United States v. McDonald*, 877 F.2d 91, 93 (D.C.Cir.1989) (construing "knowingly" under 21 U.S.C. § 845b to mean awareness of minor's involvement in scheme; awareness of minor's age not discussed).

The appellant offers no on-point authority in support of his argument, and attempts to circumvent *Carter* by citing to cases involving the question of reasonable mistake as an affirmative defense to, *e.g.*, a statutory rape charge. *See, e.g., United States v. U.S. District Court*, 858 F.2d 534 (9th Cir.1988) (use of minor in sexually explicit film). None of the cases discussed by the appellant hold that knowledge of a minor's age is an element of the offense charged; to the extent that they may be cited in support of an affirmative defense argument, the appellant has not argued and the record does not reflect that he interposed any such defense below.

We find the reasoning of the court in *Pruitt*, adopted by the Eighth Circuit in *Carter*, to be persuasive. Accordingly, we hold that 21 U.S.C. § 845b does not require the government to prove that Valencia knew Lopez was a minor.

AFFIRMED.

---

**3.** Section 845 makes it unlawful to distribute drugs to individuals under the age of twenty-one.