947 F.2d 946
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Preston DONELY and Eules Mayes, Defendants-Appellants.
 Nos. 91-5016, 91-5017.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1991.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendants Eules Mayes and Preston Donely were convicted of aiding and abetting each other (1) in the possession of crack cocaine with intent to distribute it, and (2) in the employment of a person under 18 years of age to distribute the substance. In addition, Mr. Donely was convicted of using a firearm in relation to a drug trafficking offense and of possession of a firearm not registered to him in the National Firearms Registration Transfer Record. Both defendants are appealing their convictions, and Mr. Mayes also appeals his sentence. Finding no error in the trial court proceedings, we shall affirm the convictions and the sentence.
 
 
 2
 * On December 4, 1989, officers of the Memphis, Tennessee, Police Department participated in an undercover operation at the Walter Simmons Housing Project. Officer Charles Cox, operating a decoy vehicle, drove into the project and parked. Defendant Mayes approached the car and asked what he needed. Officer Cox stated that he wanted to buy some crack. Mr. Mayes responded that he could get it at his sister's home. Officer Cox invited Mr. Mayes to get into the car, and the two men drove off.
 
 
 3
 On the way to the sister's home Mr. Mayes saw a car being driven by a man he thought might have some crack. Mayes told the officer to blow his horn. The officer did so, and both cars stopped. After speaking with the driver, Mr. Mayes reported that the driver did not have any crack but had told him where he could get some.
 
 
 4
 Mr. Mayes directed the officer to an apartment at No. 3 Julius Lewis Street. Upon arrival there, Mayes left the car and entered the building. He returned a short time later with a young man named Herman Kelly, also known as Kevin Kelly. Mayes and Kelly got into the car, whereupon Mayes handed the officer two pieces of crack and instructed him to give $40 to Kelly. The officer handed Kelly two marked $20 bills.
 
 
 5
 Kelly returned to the building, and shortly thereafter two females arrived and knocked on the door. Kelly answered, and defendant Donely was seen standing in the doorway. The officers placed the men under arrest at this point. On searching the apartment they found a sawed-off shotgun and packages containing approximately 103 rocks of cocaine. Mr. Donely (whose apartment it was) proved to be in possession of the marked $20 bills Officer Cox had given to Kelly.
 
 
 6
 Donely and Mayes were indicted by a federal grand jury. Count One of the indictment charged them with aiding and abetting each other in possessing with intent to distribute approximately 18.6 grams of cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.
 
 
 7
 Count Two of the indictment charged the defendants with aiding and abetting each other in the employ, hire, use, persuasion, inducement, and enticement of a person under 18 years of age (Kevin Kelly, age 17) to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 845(b)[1] and 18 U.S.C. § 2.
 
 
 8
 Count Three charged Mr. Donely with using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c).
 
 
 9
 Count Four charged Mr. Donely with possession of a firearm that had not been registered to him in the National Firearms Registration and Transfer Record, a violation of 26 U.S.C. § 5861(d).
 
 
 10
 The jury found each defendant guilty on all counts with which he had been charged. The court sentenced Mr. Mayes to imprisonment for 105 months on each of the first two counts, the sentences to run concurrently. Mr. Donely was sentenced to concurrent terms of 110 months on Counts One, Two, and Four, a consecutive sentence of 60 months on Count Three, and eight years of supervised release. Special assessments were levied against both men.
 
 II
 
 11
 The defendants argue on appeal that the district court erred in limiting their cross-examination of Herman Kelly, the government's principal witness, about his juvenile record. Kelly's record included a drug-related felony conviction, a pending drug-related felony charge, a misdemeanor drug conviction, and two non-drug-related misdemeanor convictions.
 
 
 12
 Federal Rule of Evidence 609(d), which governs the use of evidence of prior juvenile adjudications for impeachment purposes, provides as follows:
 
 
 13
 "Evidence of juvenile adjudications is generally not admissible under this rule. The court may, however, in a criminal case allow evidence of a juvenile adjudication of a witness other than the accused if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence."
 
 
 14
 In the case at bar the trial judge decided to permit inquiry into the felony conviction only. This decision was clearly within the court's discretion under the rule.
 
 
 15
 Mr. Mayes also argues that Kelly's full record should have been disclosed because it was probative of an element of Count Two--whether the defendants "did unlawfully, knowingly and intentionally employ, hire, use, persuade, induce and entice" Kevin Kelly to distribute cocaine base and possess that substance with intent to distribute it. Mr. Mayes argues that if the jury had known what a sophisticated drug dealer Kelly was, it might have found that he participated in the drug deal independently of any urging by the defendants. Regardless of whether any persuasion, inducement, or enticement may have been necessary, however, it is clear that Mayes was guilty of using Kelly to assist in violation of the drug laws. Nothing more is required for conviction.
 
 III
 
 16
 Mr. Mayes also argues that the district court erred in instructing the jury that actual knowledge of Kelly's age was not an element of 21 U.S.C. § 845(b). The courts of appeals for at least three other circuits have held otherwise. United States v. Valencia-Roldan, 893 F.2d 1080 (8th Cir.), cert. denied, 110 S.Ct. 2181 (1990); United States v. Carter, 854 F.2d 1102 (8th Cir.1988); United States v. Pruitt, 763 F.2d 1256 (11th Cir.1985), cert. denied, 474 U.S. 1084 (1986). Mr. Mayes acknowledges these precedents, but asks us to make an exception where the juvenile has a history of involvement in drug crimes. He offers no reasons for the creation of such an exception, and we see none. The instruction was not erroneous; knowledge of Kelly's age was not required for conviction.
 
 IV
 
 17
 The defendants argue next that the district court erred in permitting Officer Jamison to testify at trial that the scales found in the apartment and the quantity of drugs involved both indicated that the defendants were drug sellers rather than drug users.
 
 
 18
 We have held that "[l]aw enforcement officials may testify concerning the methods and techniques employed in an area of criminal activity." Untied States v. Pearce, 912 F.2d 159, 163 (6th Cir.1990), cert. denied, 111 S.Ct. 978 (1991). Moreover, "[a]dmission of expert testimony is a matter within the broad discretion of the court, and a decision to admit such testimony is to be sustained unless manifestly erroneous." Id.; see United States v. Vance, 871 F.2d 572, 577 (6th Cir.1989); Apponi v. Sunshine Biscuits, Inc., 809 F.2d 1210, 1218 (6th Cir.), cert. denied, 484 U.S. 820 (1987). The decision to allow the officer's testimony was not manifestly erroneous.
 
 V
 
 19
 Mr. Mayes contends that the district court erred in calculating his base offense level under the sentencing guidelines. The court attributed the entire amount of cocaine found in the apartment (18.6 grams) to Mr. Mayes, thereby producing a base offense level of 26. Mayes argues that his relevant conduct involved only the two rocks, or approximately .2 grams, that he received from Donely and delivered to Officer Cox. Acceptance of this argument would reduce the base offense level to 12.
 
 
 20
 Section 1B1.3(a)(1) of the guidelines says that the base offense level shall be determined by reference to
 
 
 21
 "all acts and commissions committed or aided and abetted by the defendant or for which the defendant would be otherwise accountable that occurred during the commission of the offense of conviction, in preparation for the offense, or in the course of attempting to avoid detection or responsibility for that offense, or that otherwise were in furtherance of that offense."
 
 
 22
 Mr. Mayes was found guilty of aiding and abetting the possession of the full amount of cocaine found in the apartment, and this ends our inquiry. Section 1B1.3(a)(1) explicitly says that in determining the base offense level, the district court is to take into account all acts "aided and abetted" by the defendant.
 
 VI
 
 23
 Mr. Donely has filed a pro se brief alleging ineffective assistance of counsel, but there is nothing in the record to indicate that this case meets the tests of Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 24
 AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Currently codified at 21 U.S.C. § 861(a)(1), this statute makes it unlawful for anyone 18 years of age or older knowingly and intentionally to "employ, hire, use, persuade, induce, entice, or coerce a person under eighteen years of age" to violate the federal drug laws