963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey J. FLORES, Defendant-Appellant.
 No. 91-10379.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1992.*
Decided May 18, 1992.
 
 Before CHOY, FARRIS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 1. Cayanan's apparent authority
 
 2
 The Fourth Amendment is not violated when a law enforcement officer conducts a warrantless search based on a reasonable belief that the consenting party has authority to consent. See Illinois v. Rodriguez, 110 S.Ct. 2793, 2800-01 (1990). The district court concluded that Taimanglo reasonably believed that Cayanan could properly consent to the search of Flores' clutch bag. The court's conclusion is reviewed for clear error. See United States v. Yarbrough, 852 F.2d 1522, 1533 (9th Cir.), cert. denied, 488 U.S. 866 (1988).
 
 
 3
 The district court's conclusion is supported by the record. Taimanglo searched Cayanan's bedroom alone. The facts available to Taimanglo when he searched the bag would cause a person of reasonable caution to believe that Cayanan could properly consent to the search. See Rodriguez, 110 S.Ct. at 2801. Taimanglo's testimony confirms that he did not know that the bag did not belong to Cayanan. The district did not clearly err.
 
 2. Knock and notice
 
 4
 Before addressing Flores' argument that the law enforcement officers violated the knock and notice requirements of 18 U.S.C. § 1309, we must determine whether Flores has standing to challenge the allegedly unlawful entry. An individual whose personal interests have not been infringed by an unannounced police entry does not have standing to challenge the entry. See United States v. Valencia-Roldan, 893 F.2d 1080, 1081 n. 1 (9th Cir.), cert. denied, 110 S.Ct. 2181 (1990). Flores must establish that he is a member of the class to be protected by section 1309. See United States v. Lockett, 919 F.2d 585, 587 (9th Cir.1990).
 
 
 5
 In Minnesota v. Olson, 495 U.S. 91, 96-97 (1990), the Court held that an overnight guest has a legitimate expectation of privacy in another party's home and may object to an unlawful search of that home. Flores does not contend that he was an overnight guest in Cayanan's apartment; rather, he states that he was a "guest." Olson did not address whether guests other than overnight guests have a legitimate expectation of privacy. We follow the Eleventh Circuit's lead in declining to extend Olson to shorter-term guests, see United States v. Sweeting, 933 F.2d 962, 964 (11th Cir.1991). We therefore hold that Flores lacks standing to challenge the officers' allegedly unlawful entry.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3