8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Genaro Brandell PATTERSON, Defendant-Appellant.
 No. 91-10249.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1993.
Decided Sept. 28, 1993.
 
 1
 Before: POOLE and FERNANDEZ, Circuit Judges and KELLEHER,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Genaro Brandell Patterson appeals his conviction for conspiracy to possess cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846; aiding and abetting in the distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1); and employing a minor in the commission of a drug offense, in violation of 21 U.S.C. § 845b(a)(1). Patterson argues on appeal that (1) the district court erred in refusing to compel disclosure of an undisclosed informant; (2) the district court erred in admitting the undisclosed informant's statements; (3) the evidence at trial was insufficient to support his convictions; and (4) the district court erred in not ordering immunity for a prospective defense witness. We reject his arguments and affirm his convictions.
 
 I.
 
 4
 On November 17, 1989, Detective Rebecca Moore of the Sacramento County Sheriff's Department was working undercover with a confidential informant (CI). Moore was driving a pickup truck with the CI as the sole passenger. Previously, the CI had arranged to purchase rock cocaine from a "GP."
 
 
 5
 Moore and the CI approached Patterson's Cadillac. Patterson rolled down the tinted window on the driver's side and greeted the CI. Patterson then got out of his car, walked over to the driver's side of the pickup truck and conversed with the CI. Moore was between the two and less than a foot away from Patterson during the conversation.
 
 
 6
 The CI asked Patterson: "Do you know where we can get a half." Patterson responded: "Oh man, you know I got all that stuff." After the CI indicated he wanted to purchase a half ounce of rock cocaine that evening, Patterson responded that Moore and the CI would have to follow him to another location within Sacramento County, and that the cocaine would cost $500.00.
 
 
 7
 Patterson then drove away, and Moore, along with several surveillance units, followed. Patterson drove to the nearby Cinedome Theater, got out of his car, and spoke to a young man later identified as Nigel Robinson, a minor. Robinson then drove away in the Patterson's car, and Patterson walked back to Moore's pickup truck. Patterson approached the passenger's side and quietly conversed with the CI. Moore was unable to overhear and said in a voice loud enough for both the CI and Patterson to hear: "What's going on here, I thought we were going to North Highlands to get some dope." Upon hearing this, the CI and Patterson stopped their conversation, and the CI stated: "That guy in the Cadillac went to get it, pull over here and park."
 
 
 8
 Moore observed the car leaving the Cinedome parking lot as she parked the pickup truck and advised the surveillance officers that the person in the car was going to get the cocaine. When Patterson walked towards Moore and the CI as they waited in the pickup truck, Moore, who was concerned that she did not have $500.00 to pay Patterson, alerted the surveillance officers. Two other officers then approached and arrested Patterson. When Robinson returned to the Cinedome parking lot, the officers arrested and searched him, seizing 10.77 grams of rock cocaine.
 
 II.
 
 9
 Patterson argues that the district court erred in denying his motion to compel disclosure of the identity of the CI. We review the district court's denial of a motion to compel disclosure of an informant's identity for an abuse of discretion. See United States v. Gonzalo-Beltran, 915 F.2d 487, 488 (9th Cir.1990). Generally, the government's interest in maintaining an informer's anonymity must give way where the defendant shows that disclosure is "relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause." Rovario v. United States, 353 U.S. 53, 60-61 (1957); United States v. Sanchez, 908 F.2d 1443, 1451 (9th Cir.1990).
 
 
 10
 A review of the record shows that Patterson never made a timely motion for disclosure of the CI. Further, Patterson withdrew his untimely motion for disclosure of the same upon the government's objection. Thus, there was no motion before the district court for it to grant or deny. While Patterson argues that the error of defense counsel to properly raise the issue is insufficient to signify a waiver of his Sixth Amendment right to confront the CI, it is clear that the right to compel disclosure is not absolute and that a motion for disclosure must be made. In the absence of such a motion, the informer's privilege applies. Cf. Rovario, 353 U.S. at 55, 59 (defendant made motion for disclosure). None of the cases upon which Patterson relies hold that a defendant is entitled to disclosure of an informant's identity in the absence of moving for disclosure; in fact, they affirm that the burden is on the defendant to demonstrate the need for disclosure. See United States v. Williams, 898 F.2d 1400, 1402 (9th Cir.1990) ( citing United States v. Johnson, 886 F.2d 1120, 1122 (9th Cir.1989), cert. denied, 494 U.S. 1089 (1990)). Patterson has thus waived his right to contest this issue.
 
 III.
 
 11
 Patterson argues that the district court erred in admitting the CI's statement,[1] "That guy in the Cadillac went to get it, pull over here and park," at trial. Patterson's argument is based on both the Federal Rules of Evidence and the Confrontation Clause of the Sixth Amendment.
 
 A. Federal Rules of Evidence
 
 12
 We review the evidentiary rulings of the district court for an abuse of discretion. See United States v. Tarazon, No. 92-10204, slip op. at 2431 (9th Cir., Mar. 17, 1993).
 
 
 13
 Before an asserted adoptive admission can be admitted as evidence pursuant to Rule 801(d)(2)(B), the district court must first find that sufficient foundational facts have been introduced so that the jury could reasonably conclude that the defendant actually did hear, understand and accede to the statement. See United States v. Sears, 663 F.2d 896, 904 (9th Cir.1981), cert. denied, 455 U.S. 1027 (1982). The district court must determine that the asserted adoptive admission is a statement in which an innocent person normally would not have acquiesced. See United States v. Monks, 774 F.2d 945, 950-51 (9th Cir.1985).
 
 
 14
 Patterson primarily argues that the CI's statement was equivocal and would not have caused an innocent person to respond. Although the CI's statement does not directly refer to Patterson, it asserts that Robinson took Patterson's car to get the cocaine. This is not a statement in which an innocent person would have acquiesced. Patterson also argues that the district court's findings regarding his hearing and understanding the CI's statement were erroneous, but these rulings are well supported by the record. Thus, the CI's statement is admissible under Rule 801(d)(2)(B) as an adoptive admission.
 
 
 15
 We further find that the district court did not abuse its discretion under Rule 403. The district court has wide discretion in balancing the prejudicial effect of evidence against its probative value, see United States v. Spencer, 981 F.2d 1083, 1086 (9th Cir.1992), and Moore's testimony regarding the CI's statement does not appear to be unduly prejudicial.
 
 B. Confrontation Clause
 
 16
 We review de novo whether a district court's evidentiary ruling violates a defendant's rights under the Confrontation Clause. United States v. Jones, 982 F.2d 380, 383 (9th Cir.1992). Patterson argues that the government violated his Confrontation Clause rights by failing to show that the CI was unavailable to testify. The government was required to make a good faith attempt to obtain the CI's presence at trial. See Barber v. Page, 390 U.S. 719, 725 (1968); United States v. Jones, 766 F.2d 412, 416 (9th Cir.1985).
 
 
 17
 While Patterson's argument may have some merit, we need not address it, for it is clear that any violation of the Confrontation Clause was harmless. Constitutional errors do not require reversal if they are harmless beyond a reasonable doubt. See United States v. Jennell, 749 F.2d 1302, 1308, cert. denied, 474 U.S. 837 (1985). The CI's statement is merely duplicative of other evidence showing that Patterson took part in the negotiation and arrangement of the cocaine sale. There is much other evidence against Patterson showing that he and Robinson possessed the cocaine with the intent to distribute it. The cumulative nature of the CI's statement shows that its admission was harmless beyond a reasonable doubt. See Jennell, 749 F.2d at 1308 (also holding that cumulative nature of wrongfully admitted evidence rendered its admission harmless). Reversal is therefore not required.
 
 IV.
 
 18
 Patterson argues that the evidence against him was insufficient to support reasonable jury verdicts on the charges on which he was convicted, 21 U.S.C. §§ 841(a)(1), 845(b)(a)(1) and 846. In reviewing the district court's denial of an acquittal motion or motion for new trial challenging the sufficiency of the evidence, we normally decide, after viewing the evidence in the light most favorable to the government, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See United States v. Aichele, 941 F.2d 761, 763 (9th Cir.1991) (citations omitted). However, while Patterson filed a new trial motion challenging the sufficiency of the evidence after the jury verdict, he did not make a motion for acquittal at the close of evidence. Absent such a motion, we review the sufficiency of the evidence for plain error. See United States v. Stauffer, 922 F.2d 508, 5511 (9th Cir.1990). To merit reversal, such an error must affect a criminal defendant's substantial rights. Federal Rule of Criminal Procedure 52(b). Reversal based on plain error is exceptional and occurs only when necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process. Tarazon, slip op. at 2428 (citations omitted).
 
 
 19
 The essential elements of a section 841(a)(1) offense, possession with the intent to distribute cocaine, are (1) knowing or intentional possession, and (2) intent to distribute. See United States v. Martinez, 967 F.2d 1343, 1345 (9th Cir.1992). Possession can be either actual or constructive, and thus can be shown if the defendant has either actual physical custody or has sufficient dominion and control to give him the power of disposal, either personally or through an agent or joint venture. See United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991), cert. denied, 112 S.Ct. 1186 (1992); United States v. Smith, 962 F.2d 923, 929 (9th Cir.1992). Intent to distribute can be inferred from circumstantial evidence, and the amount of drugs, the presence of sales packaging and the existence of triple beam scales can be indicators thereof. See Martinez, 967 F.2d at 1345.
 
 
 20
 Because Patterson was convicted as an aider and abettor under section 841(a)(1) and 18 U.S.C. § 2, the evidence must also reasonably show that Patterson (1) had the specific intent to facilitate the commission of a crime by another, (2) had the requisite intent of the underlying substantive offense, and (3) assisted or participated in the commission of the underlying substantive offense. The evidence must also show (4) that someone committed the underlying substantive offense. See United States v. Litteral, 910 F.2d 547, 550 (9th Cir.1990); United States v. Gaskins, 849 F.2d 454, 459 (9th Cir.1988). In short, the evidence against Patterson must encompass the same elements required to convict him under section 841(a)(1) as a principal, showing that he associated with the criminal venture, participated in it, and sought by his actions to make it succeed. United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.), cert. denied, 488 U.S. 943 (1988).
 
 
 21
 To convict Patterson under section 845b(a)(1)[2] for employing a minor to violate section 841(a)(1), the government had to show that he (1) knowingly and intentionally; (2) employed, hired, used, persuaded, induced, enticed or coerced; (3) a person under eighteen years of age; (4) to violate section 841(a)(1). See United States v. McDonald, 877 F.2d 91, 93 (D.C.Cir.1989). The government did not have to prove that Patterson knew that Robinson was under eighteen. See United States v. Valencia-Roldan, 893 F.2d 1080, 1083 (9th Cir.), cert. denied, 495 U.S. 935 (1990); see also United States v. Chin, 981 F.2d 1275, 1279-81 (D.C.Cir.1992), petition for cert. filed, 61 U.S.L.W. 3696 (U.S. Mar. 29, 1993) (No. 92-8121) (rejecting a due process challenge to this provision).
 
 
 22
 The essential elements of Patterson's section 846 offense, conspiracy to violate section 841(a)(1), are (1) an agreement to accomplish an illegal objective, (2) the commission of an overt act in furtherance of the conspiracy and (3) the requisite intent necessary to commit the underlying offense. United States v. Garza, 980 F.2d 546, 552 (9th Cir.1992); United States v. Thomas, 887 F.2d 1341, 1347 (9th Cir.1989). An agreement may be inferred from the defendant's acts pursuant to the scheme, or other circumstantial evidence, and a defendant's proximity to the scene of illicit activity may support an inference when viewed in context with other evidence. Id. at 1347-48 (citations omitted). Once the existence of a conspiracy is shown, the government need only prove a slight connection between the defendant and the conspiracy. Aichele, 941 F.2d at 763-64 (citations omitted). A defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the codefendants' actions. Aichele, 941 F.2d at 763-64 (citations omitted).
 
 
 23
 The evidence was clearly sufficient to support Patterson's convictions on all of these charges; Patterson argues in spite of the case against him. Viewed in the light most favorable to the government, the evidence showed that Patterson, who is 25, negotiated a sale of a certain amount of rock cocaine in exchange for $500.00 with Moore and the CI. Patterson subsequently led Moore and the CI to the Cinedome and instructed Nigel Robinson, a minor, to obtain the rock cocaine to sell to Moore and the CI. Further, Robinson complied with Patterson's request, obtained the cocaine and was prepared to consummate the sale. Additionally, the evidence supports an inference that Patterson acted knowingly and intentionally at all times. Thus, there is evidence to reasonably support all of the required elements, and Patterson was properly convicted under 21 U.S.C. §§ 841(a)(1), 845b(a)(1) and 846.
 
 V.
 
 24
 Patterson argues that the district court and the government improperly refused to give transactional immunity to his brother, Timothy Patterson. Apparently, Timothy Patterson would have testified that the drug paraphernalia seized from their residence on November 7, 1989, ten days before Patterson's arrest, was not Patterson's. However, Patterson never requested the district court to intervene in the prosecution's decision not to grant immunity to Timothy Patterson. Because Patterson did not present this issue to the district court, we review for plain error. See United States v. Paris, 827 F.2d 395, 399 (9th Cir.1987).
 
 
 25
 We have stated that "the Sixth Amendment right of an accused to compulsory process to secure the attendance of a witness does not include the right to compel the witness to waive his Fifth Amendment privilege. Nor is an accused entitled to compel a prosecutor to grant immunity to a potential witness to get him to testify." Paris, 827 F.2d at 399 (citing United States v. Trejo-Zambrano, 582 F.2d 460, 464 (9th Cir.), cert denied, 439 U.S. 1005 (1978)). "The decision to grant immunity to prospective defense witnesses is left to the discretion of the executive branch." United States v. Montoya, 945 F.2d 1068, 1078 (9th Cir.1991) ( citing United States v. Mendia, 731 F.2d 1412, 1414 (9th Cir.), cert. denied, 469 U.S. 1035 (1984)).
 
 
 26
 However, a defendant's due process right to a fair trial can be violated by the denial of immunity to a defense witness. See Montoya, 945 F.2d at 1078; Jeffers v. Ricketts, 832 F.2d 476, 479 (9th Cir.1987), overruled on other grounds, 497 U.S. 764 (1990); United States v. Lord, 711 F.2d 887, 891 (9th Cir.1983). If a defendant can show that (1) the witness' testimony was relevant and (2) the prosecution deliberately intended to distort the factfinding process by denying immunity to the defense witness, he has made a prima facie case of prosecutorial misconduct that could have prevented a defense witness from giving relevant testimony. Such a showing requires this court to remand to the district court for an evidentiary hearing. See United States v. Westerdahl, 945 F.2d 1083, 1086 (9th Cir.1991); Lord, 711 F.2d at 891. While a district court itself lacks authority to immunize a witness, it can, if a due process violation is shown, order the prosecution to grant immunity to the witness or face a judgment of acquittal. Id.
 
 
 27
 Reversal and remand are not required. Patterson has not sufficiently alleged, much less made a prima facie showing of, prosecutorial misconduct. Further, there is nothing in the record showing the prosecution's direct or indirect involvement in Timothy Patterson's decision not to testify, its selectively giving immunity to other witnesses, or its taking other steps to distort the factfinding process. See Westerdahl, 945 F.2d at 1086-87. Instead, the record only shows that, upon learning that Timothy Patterson would testify, the prosecution brought the matter to the court's attention during a bench conference, indicated that it would not grant him immunity and requested a hearing to determine if he would assert his Fifth Amendment privilege. These innocuous facts clearly cannot support a prosecutorial misconduct claim requiring further proceedings.
 
 
 28
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Additionally, Patterson contests the admissibility of several related statements of his, the CI's and Moore's. Patterson argues that his statement during the negotiation of the drug sale, "Oh man, you know I got all that stuff ...," should have been excluded, but he is obviously wrong. This statement is admissible as a direct admission of a party opponent under Federal Rule of Evidence 801(d)(2). See United States v. Nazemian, 948 F.2d 522, 526 (9th Cir.1991), cert. denied, 113 S.Ct. 107 (1992). The admission of this statement presents neither hearsay nor Confrontation Clause concerns. Id. at 526, 528. Further, the remainder of the statements Patterson contests were not admitted for their truth and are thus admissible without regard to the hearsay rules. See Federal Rule of Evidence 801(c); United States v. Lujan, 936 F.2d 406, 410 (9th Cir.1991); Giese, 597 F.2d at 1195. Such statements also pose no Confrontation Clause problems. Lujan, 936 F.2d at 410
 
 
 [2]
 This provision has been recodified as 21 U.S.C. § 861. See Pub.L. 101-647, Title X, §§ 1002(c), 1003(c), Title XXXV, § 3559L, 104 Stat. 4827, 4829, 4932 (Nov. 29, 1990)