

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-9-2002

# Eiland v. Jackson

Precedential or Non-Precedential:

Docket No. 01-3139

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Eiland v. Jackson" (2002). *2002 Decisions.* Paper 259.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/259

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-3139
_____

PERCY EILAND,
                              Appellant

                              v.

  WILLIAM B. JACKSON, Detective, Harrisburg Police Department
_____


    ON APPEAL FROM THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
              D.C. Civil No. 00-cv-01835
    District Judge:  The Honorable James F. McClure, Jr.
_____


       Submitted Under Third Circuit LAR 34.1(a)
                   April 5, 2002
_____


  Before: SLOVITER, BARRY, and ALARCON, Circuit Judges

          (Opinion Filed:   April 9, 2002)
_____


                   OPINION
_____



BARRY, Circuit Judge
      Percy Eiland filed a complaint against Detective William Jackson of the
Harrisburg Police Department under 42 U.S.C.   1983, alleging that Jackson violated his
Fourth Amendment rights when, pursuant to a warrant, Jackson conducted a search of a
house located at 2117 Jefferson Street in Harrisburg, Pennsylvania.  More specifically,
Eiland complains that Jackson and his fellow officers failed to knock and announce their
presence before forcibly entering the house and allegedly damaging three doors.  Eiland
was not present at the time of entry or during the search.  Although his daughter owned
the house, he resided there.
      After discovery, Jackson moved for summary judgment.  The District Court denied
the motion because it was disputed whether Jackson and his fellow officers knocked and
announced.  The Court scheduled a jury trial to resolve this sole factual issue.  After
additional discovery, however, Jackson again moved for summary judgment, this time on
the basis that Eiland lacked standing to bring suit.  The District Court granted summary
judgment on that ground alone.  Eiland appeals, arguing that he had standing.  Our review
is plenary.  We have jurisdiction to hear this appeal pursuant to 28 U.S.C.   1291, and
will affirm.

                              I.
      The District Court held that, whether or not Eiland owned the house, he did not
have standing to bring a Section 1983 claim for noncompliance with the knock-and-
announce rule because he was not present during the search.  App. at 10 (citing Mena v.
City of Simi Valley, 226 F.3d 1031, 1035 n.2 (9th Cir. 2000) and United States v.

Valencia-Rolden, 893 F.2d 1080, 1081 n.1 (9th Cir. 1990) ("knock and notice" provision of 18 U.S.C. 3109). While we agree that Eiland did not have standing, neither the District Court nor the cases on which it relied did much, if any, analysis of the issue. We will, therefore, put some meat on those bare bones.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. Amend. IV. The "'common-law requirement that police officers entering a dwelling must knock on the door and announce their identity and purpose before attempting forcible entry' is incorporated into the Fourth Amendment's guarantees." Kornegay v. Cottingham, 120 F.3d 392, 396 (3d Cir. 1997) (quoting Richards v. Wisconsin, 520 U.S. 385, 387 (1997)). It is this requirement that Eiland asserts was not met and that he has standing to raise.

In the seminal case on standing in the Fourth Amendment context, the Supreme Court held that standing depends upon "whether the disputed search and seizure has infringed upon an interest of the defendant which the Fourth Amendment was designed to protect." Rakas v. Illinois, 439 U.S. 128, 140 (1979). It is well-settled that the Fourth Amendment protects both property and privacy interests. Soldal v. Cook County Illinois, 506 U.S. 56, 63 (1992). It is also clear that "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." Brown v. United States, 411 U.S. 223, 230 (1973). In determining whether standing exists, we do not require that a litigant prove that his or rights were actually violated to achieve standing. Rakas, 439 U.S. at 139. Rather, the litigant must merely allege an injury in fact. Id.

Thus, to determine whether Eiland had standing to bring his Fourth Amendment claim, we must assess: (1) whether he asserted his own privacy or property rights under the Fourth Amendment; and (2) whether he alleged an injury in fact.

A.    Standing to Assert Privacy Rights

Determining whether a person has a "legitimate" or "reasonable" expectation of privacy in the place searched is a "fact-bound question," dependent upon the strength of interest in the property and the nature of control that the person exerts over it. United States v. Baker, 221 F.3d 438, 442 (3d Cir. 2000); see also Rakas, 439 U.S. at 143 n. 12 (stating that the "right to exclude others" is a key factor in determining whether a person's expectation of privacy is legitimate). We have also noted that where "an individual has the owner's permission to use the property, society surely recognizes this as reasonable." Baker, 221 F.3d at 443 (citation omitted).

Construing the facts in the light most favorable to Eiland the non-moving party on summary judgment we conclude that he had a legitimate expectation of privacy in the house at 2117 Jefferson Street. Eiland, with his daughter's permission, resided in the house she owned for extended periods of time and received mail there. He occasionally paid his daughter rent and did maintenance on the house in exchange for living there. He also left personal possessions in the house and fixed cars on a regular basis in the garage. In the search warrant application and an affidavit prepared for this litigation, Detective Jackson repeatedly stated that Eiland resided at 2117 Jefferson Street and noted that a criminal history check confirmed that fact. We think that Eiland's expectation of privacy in the house was one that society would recognize as reasonable.

Eiland failed, however, to allege an injury in fact to any privacy right he enjoyed. It is critical to note that he did not and does not contest the validity of the search warrant that was executed at the house. His only claim was and is that there was a failure to knock and announce before a forced entry was made. Thus, the question becomes whether the failure to knock and announce impinged upon Eiland's right to privacy in a way that exceeded the permissible invasion of privacy occasioned by the execution of a valid search warrant. We conclude that it did not.

We recognize that protecting one's interest in privacy is one of the rationales for the knock-and-announce requirement. Indeed, we have noted that the requirement "embodies respect for the individual's right of privacy, which is to be imposed upon as little as possible in making an entry to search or arrest." Kornegay, 120 F.3d at 396. Yet even if we assume that the officers failed to knock and announce their identity, we do not see how that failure impinged upon Eiland's privacy interests given that he was not at the house at the time of the forced entry. Eiland has alleged nothing that would lead us to a

different conclusion.

### B. Standing to Assert Property Rights

To have standing to bring a Section 1983 claim alleging the violation of his property rights under the Fourth Amendment, Eiland must: (1) assert his own property rights, and (2) allege an injury in fact. He fails on the first prong.

We reiterate that the Fourth Amendment "unmistakably . . . protects property as well as privacy." Soldal, 506 U.S. at 63. Law enforcement officials simply cannot unreasonably seize property. Id. at 62-63. A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." United States v. Jacobsen, 466 U.S. 109, 113 (1984). Assuming that none of the exceptions to the knock-and-announce requirement applies, the forced entry into a residence without first knocking and announcing may constitute a "seizure" within the meaning of the Fourth Amendment. Kornegay, 120 F.3d at 396-97. Indeed, the knock-and-announce requirement is intended, in part, "to prevent needless damage to property." Id. at 396.

Eiland has failed, however, to demonstrate that he had a possessory interest in the property that was allegedly damaged. Eiland claims that Jackson and his fellow officers damaged three doors of the house when making their forced entry. He concedes, however, that he has no ownership interest in the house and that the house (and its doors) are owned by his daughter. It is clear that "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." Rakas, 439 U.S. at 134. Thus, while Eiland's daughter may have had standing to bring a claim asserting her property rights under the Fourth Amendment, Eiland himself did not.

Because Eiland has not asserted the requisite interest in property, we need not discuss whether he alleged an injury in fact to that property before concluding that he lacked standing to bring a claim for the violation of his property rights under the Fourth Amendment. Neither need we decide whether the District Court erred in concluding that even if Eiland owned the property, his absence during the search precludes a claim for injury to that property as the result of a purportedly illegal entry.

### II.

Eiland lacked standing to bring either a privacy claim or a property claim under the Fourth Amendment. Accordingly, we will affirm the judgment of the District Court.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s Maryanne Trump Barry
Circuit Judge