944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas M. SHEA, Defendant-Appellant.
 No. 89-16359.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 17, 1991.*
Decided Sept. 20, 1991.
 
 Before CHOY, ALARCON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas M. Shea, a federal prisoner proceeding pro se and in forma pauperis, appeals from the district court's September 29, 1989 order denying Shea's 28 U.S.C. § 2255 motion to vacate or reduce his January 8, 1988 sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 992(g), 924(e)(1), & 924(e)(2)(B). Shea alleges (1) that his conviction was invalid because the grand jury foreperson neglected to sign the original copy of the indictment against him, and (2) that his sentence should be reduced because the Government failed to allege in his indictment or prove to the jury beyond a reasonable doubt that Shea had three previous convictions for a "violent felony" within the meaning of section 924(e)(1) & (e)(2)(B).
 
 
 3
 We AFFIRM.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 4
 On June 30, 1987, Shea kidnapped fifty-three year-old Shirley Cruz from a San Leandro parking lot at the point of a 12-guage shotgun. Shea and his accomplice Manuel Santistevan forced Cruz to drive them to her residence. There they bound Cruz and her son, Leo Villalobos, and stole two rings, an Uzi semiautomatic rifle, and $2,500 in cash.
 
 
 5
 In a separate incident, on July 5, 1987 at approximately 3:00 a.m., Shea tried to climb through the window of his estranged wife's residence. Unable to enter, he pointed a shotgun at her and warned her that if she called the police he would "deal with her or have somebody deal with her."
 
 
 6
 Shea was indicted on September 2, 1987 for being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On November 25, 1987, a jury found Shea guilty. In accordance with the enhanced penalty provision of 18 U.S.C. § 924(e)(1), Shea was sentenced to a mandatory term of fifteen years in prison without possibility of parole.
 
 ANALYSIS
 
 7
 The district court found and the record indicates that the grand jury foreperson did sign the original copy of Shea's indictment on file with the court clerk. Thus, Shea's first contention is without merit.
 
 
 8
 As for the allegation of an improper sentence enhancement, the district court agreed with Shea's contention that under United States v. Chatman, 869 F.2d 525 (9th Cir.1989), superseded, Taylor v. United States, 110 S.Ct. 2143 (1990), the crime of second-degree burglary does not constitute a "violent felony" within the meaning of section 924(e).[1] Nevertheless, relying on the presentence report, the district court found that Shea had three prior armed robbery convictions which did satisfy the penalty enhancement requirement of section 924(e)(1). Shea did not dispute this finding. See United States v. Potter, 895 F.2d 1231, 1238 (9th Cir.), cert. denied, 110 S.Ct. 3247 (1990).
 
 
 9
 Because the convictions were not elements of the statutory offense, the Government was not required to allege them in the indictment or prove them to the jury beyond a reasonable doubt. Potter, 895 F.2d at 1237-38 (1990) (construing current statute); United States v. West, 826 F.2d 909, 910-12 (9th Cir.1987) (construing predecessor statute). See also United States v. Dunn, 935 F.2d 1053, 1057-58 (9th Cir.1991).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Chatman held that, to qualify as a "violent felony" under section 924(e)(1), a burglary has to satisfy the restrictive common law definition of burglary used by only two states as of 1989. Chatman, 869 F.2d at 530 (O'Scannlain dissenting). At common law burglary "means the breaking and entering of the dwelling house of another, in the nighttime, with the intent to commit a felony therein." Id. at 527
 However, in Taylor v. United States, 110 S.Ct. 2143, 2158-59 (1990), the Supreme Court overruled Chatman, holding that burglary is a violent felony if it merely satisfies the "generic sense in which the term is now used in the criminal codes of most states." (comprising unlawful or privileged entry into, or remaining in, a building or structure, with intent to commit a crime).
 We need not decide whether a criminal conviction in the state of California for second-degree burglary constitutes a violent felony under section 924(e)(1), because Shea failed to contest the district court's finding that he had three previous armed robbery convictions.