951 F.2d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie H. WILLIAMS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-56367.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 30, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willie H. Williams, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. We review de novo, Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986), and affirm.
 
 
 3
 Williams contends that the district court failed to comply with the procedural requirements of Fed.R.Crim.P. 32(c)(3)(D). This contention lacks merit.
 
 
 4
 Under Fed.R.Crim.P. 32(c)(3)(D), when a defendant challenges the factual accuracy of any material in the presentence report, the district court must make either a factual finding concerning the disputed matter or a determination that the matter will not be taken into account in sentencing. United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc). A defendant waives his right to attack errors in a presentence report through a section 2255 motion when he fails to avail himself of an opportunity to do so contemporaneously or on direct appeal. United States v. Keller, 902 F.2d 1391, 1393-94 (9th Cir.1990).
 
 
 5
 Here, at the time of sentencing, the district court judge asked defense counsel whether he and Williams had read and discussed the presentence report. Defense counsel responded, "[y]es, [w]e both have." Later in the proceeding, the following colloquy took place:
 
 
 6
 DEFENSE COUNSEL: There is one point in the presentence report, your Honor, and I will ask the Court to direct its attention to page seven.
 
 
 7
 THE COURT: Yes.
 
 
 8
 DEFENSE COUNSEL: There is a reference to escape. Mr. Williams acknowledged he escaped, but he states that he was placed back at that particular halfway house for several months. I would ask the Court to allow me to look at the source materials that may be in the probation officer's files. If I see there is a mistake, I will submit an order to the court just to correct the presentence report.
 
 
 9
 Williams then was given the opportunity to speak on his own behalf and did not refute or comment on defense counsel's remarks concerning the escape. Subsequent to the pronouncement of sentence, counsel made the following request:
 
 
 10
 DEFENSE COUNSEL: Your Honor, would the Court grant me the order to look at the probation officer's primary source material to see if there is a correction to be made? I can submit a report. The information being that if they look ... at the escape without an explanation ... it will change his custody.
 
 
 11
 Although the district court granted counsel's request, a report was never submitted.
 
 
 12
 The district court found that the above exchange did not constitute an allegation of factual inaccuracy as contemplated by Rule 32. We agree. Here, Williams's defense counsel merely sought and obtained an order allowing him to investigate, and if necessary, submit a motion to correct any error contained in the presentence report with regard to Williams's place of incarceration. Defense counsel never submitted any motion or report alleging an inaccuracy. Moreover, neither Williams nor his counsel raised a factual issue with regard to his escape. Because Williams failed to object to the presentence report at the time of sentencing, he has waived his right to attack any errors in his presentence report, and the district court properly dismissed his section 2255 motion as to this claim. See Keller, 902 F.2d at 1393-94.
 
 
 13
 Williams also contends that his counsel's failure to challenge inaccurate statements in the presentence report violated his right to effective assistance of counsel. Specifically, Williams argues that he never told his attorney he escaped from the halfway house, and therefore, his attorney should have challenged the accuracy of the presentence report. This contention lacks merit.
 
 
 14
 To demonstrate ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 689. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. Prejudice is established if there is a reasonable probability that but for the counsel's error, the result of the proceeding would have been different. Id. at 694.
 
 
 15
 Here, when Williams was allowed to be heard, he did not refute or comment on defense counsel's remarks concerning the escape. Furthermore, there is no evidence that the alleged error would affect the length of his sentence. Because Williams has failed to establish that the alleged ineffective assistance of counsel prejudiced him, the district court properly dismissed the section 2255 motion.
 
 
 16
 Finally, Williams contends that his sentences were imposed in the wrong order and as a result, the length of his incarceration will be longer. This contention lacks merit.
 
 
 17
 "When the district court imposes consecutive sentences for federal offenses, the Federal Bureau of Prisons aggregates the maximum terms into a single sentence. Because the Bureau of Prisons will compute [the defendant's] parole eligibility based on his aggregate sentence, the order in which he serves the sentence is irrelevant." United States v. West, 826 F.2d 909, 912 (9th Cir.1987). Because the order in which Williams serves his sentence is irrelevant, the district court properly denied his section 2255 motion.[1]
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Williams contends that he was denied effective assistance of counsel by his attorney's failure to object to this sentence structure. Because he has not demonstrated prejudice, this argument fails. See Strickland, 466 U.S. at 694
 
 
 [2]
 Williams's motion to file a supplemental brief is denied