958 F.2d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martin Allen JOHNSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
Martin Allen JOHNSON, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, et al., Respondents-Appellees.
 Nos. 90-35278, 90-35279.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 17, 1992.
 
 Before BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Martin Allen Johnson, a federal prisoner, appeals pro se the district court's denial of (1) his motion under Fed.R.Crim.P. 35(a) to vacate his special parole term, and (2) his habeas corpus petition under 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 On August 14, 1986, Johnson was convicted of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 1), possession of less than 50 kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 2), and being a felon in possession of firearms, in violation of 18 U.S.C.App. § 1202(a) (Count 3). On Count 1, the district court sentenced Johnson to a twenty-year term of imprisonment and required that Johnson serve one-third of that sentence before becoming eligible for parole under 18 U.S.C. § 4205(a). On Count 2, the district court sentenced Johnson to a ten-year term of imprisonment, to be followed by a special parole term of six years, and this sentence was to run concurrently with the sentence imposed on Count 1. On Count 3, Johnson received a two-year term of imprisonment, to be served consecutively with the sentence imposed on Count 1. Thus, Johnson received a total sentence of twenty-two years.
 
 
 4
 In appeal No. 90-35278, Johnson contends that the district court erred by denying his motion to vacate the six-year special parole term imposed on Count 2. Johnson's argument that the statute under which he was sentenced did not authorize a special parole term lacks merit. Because the district court imposed the special parole term on Count 2, the conviction for possession of less than 50 kilograms of marijuana with intent to distribute, Johnson was subject to the sentencing provisions of 21 U.S.C. § 841(b)(1)(C). The version of section 841(b)(1)(C) in effect when Johnson committed the offense imposed a mandatory special parole term of at least two years. See 21 U.S.C. § 841(b)(1)(C) (1982 & Supp. III 1985). Accordingly, the six-year special parole term imposed on Johnson was lawful, and the district court properly denied his request to vacate the special parole term.[1]
 
 
 5
 In appeal No. 90-35279, Johnson contends that the district court erred by denying his 28 U.S.C. § 2241 habeas petition. Johnson argues that the United States Parole Commission (USPC) improperly aggregated his sentences on Counts 1 & 3, and thus its decision to set his parole release date at 88 months also was incorrect. This argument fails. The USPC correctly aggregated the consecutive sentences that were imposed on these counts. See United States v. West, 826 F.2d 909, 912 (9th Cir.1987) (consecutive federal sentences are aggregated into a single sentence for purposes of setting parole release date); 28 C.F.R. § 2.5. Moreover, the law in effect when Johnson committed the offenses required that such sentences be aggregated. See 18 U.S.C. § 4205(a) (a "prisoner shall be eligible for release on parole after serving one-third of such term or terms"). Accordingly, the district court correctly denied Johnson's section 2241 petition.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his Rule 35(a) motion, Johnson also requested that the $50 special assessment fee imposed on him be vacated. The district court granted this part of the motion. Johnson did not raise this issue in his brief on appeal. In its brief on appeal, the government challenges the district court's grant of Johnson's motion to vacate the special assessment fee. Because the government did not file a cross-appeal, or seek to have the district court reconsider its judgment under Fed.R.Civ.P. 60(b), this issue has not been preserved for appeal and we decline to consider it