**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 1 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY RONALD WARREN, | No. 14-16300 |
| Petitioner - Appellant, | D.C. No. 4:12-cv-00314-JGZ |
| v. | |
| CRAIG APKER, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Federal prisoner Gary Ronald Warren appeals pro se from the district court's judgment denying his 28 U.S.C. § 2241 habeas corpus petition.   We have jurisdiction under 28 U.S.C. § 1291.   We review de novo the denial of a section 2241 petition, *see Tablada v. Thomas*, 533 F.3d 800, 805 (9th Cir. 2008), and we

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

affirm.

Warren contends that he has been unlawfully confined since 2002. His various arguments in support of this claim fail. The record reflects that the Bureau of Prisons ("BOP") properly aggregated Warren's various federal sentences and provided him with a parole release date. *See* 18 U.S.C. § 4206(d); *United States v. West*, 826 F.2d 909, 912 (9th Cir. 1987) (consecutive federal sentences are aggregated into a single sentence by which parole eligibility is calculated). Contrary to Warren's contention, the Sentencing Reform Act of 1984 does not entitle him to an earlier parole release date. *See Stange v. U.S. Parole Comm'n*, 875 F.2d 760, 762 (9th Cir. 1989). Moreover, the existence of the United States Parole Commission has not "expired" such that Warren is entitled to an earlier parole release date. *See* United States Parole Commission Extension Act of 2013, Pub. L. No. 113-47, 127 Stat. 572. To the extent that Warren claims that his parole release date has been calculated in violation of the ex post facto clause, he has not shown that he been subjected to any increased punishment. *See Garner v. Jones*, 529 U.S. 244, 250 (2000).

We reject Warren's claim that the district court abused its discretion by declining to entertain claims raised for the first time in Warren's objections to the

14-16300

magistrate judge's recommendation. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). We also reject Warren's contentions that the district court violated his First Amendment rights and erred by denying his motion for a polygraph test.

Warren's motion for judicial notice is granted; all other pending motions are denied.

**AFFIRMED.**