**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Earl GREGG, Defendant-Appellant.**

**No. 85–2877.**

United States Court of Appeals,
Tenth Circuit.

Oct. 14, 1986.

David Booth, Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

Robert Mydans, Asst. U.S. Atty., (William S. Price, U.S. Atty. and Karla McAlister, Asst. U.S. Atty., on the brief), Oklahoma City, Okl. for plaintiff-appellee.

Before BARRETT and ANDERSON, Circuit Judges, and BROWN, Senior District Judge.*

WESLEY E. BROWN, Senior District Judge.

Defendant-Appellant Gregg was convicted of robbing the First National Bank of Tuttle, Oklahoma, in violation of 18 U.S.C. Sec. 2113(a) and (b), and possession of a firearm, previously shipped in interstate commerce, after he had been convicted of a felony, in violation of 18 U.S.C. Appendix, Sec. 1202(a). Gregg was sentenced to a 25 year term and the assessment of $10,050 in fines on Count I, the bank robbery, and to a term of 15 years and a $25,000 fine on the firearm conviction. The sentence on the firearm possession was specially imposed upon the defendant as one who had had three previous felony convictions, so that he is not eligible for parole on that count. Defendant was further ordered to make restitution in the sum of $133,000, to cover the loss of the money stolen from the bank.

In this appeal, the defendant claims that the government improperly amended the indictment by unilaterally filing a separate document alleging that defendant had three prior felony convictions, that the district court erred in denying his motion for judgment of acquittal on the firearm count because the evidence on that count was insufficient, and that the trial court erroneously denied his motion to sever Counts I and II for trial.

For the reasons hereinafter set out, we affirm the convictions.

In this case, Count I of the Indictment, which was filed on August 21, 1985, charged that on May 20, 1985, at Tuttle, Oklahoma, the defendant did by force, violence and intimidation, take from Richard Dibler and Janie Book, a sum of money belonging to the First National Bank of Tuttle, Oklahoma, a federally insured bank, and that in so doing, defendant put the lives of Dibler and Book in jeopardy by the use of a dangerous weapon, that is, a revolver, all in violation of 18 U.S.C. Secs. 2113(a) and 2113(d).

Count II of the Indictment charged that on May 20, 1985, at Tuttle, Oklahoma, defendant Gregg, having been previously convicted of a felony, possessed a firearm, a revolver, which had previously been shipped in interstate commerce, all in violation of 18 U.S.C. Sec. 1202(a)(1) Appendix.

After the Indictment was filed, and on September 24, 1985, the government filed an "Information Charging Prior Offenses" which related to the prior conviction of a felony, as alleged in Count II, above. In this document, the government alleged that defendant, on June 19, 1978, in the District of Kansas, was convicted of three bank robberies, to-wit: robbery of the Farmers' State Bank of Blue Mound, Kansas, on October 17, 1977; robbery of the State Bank of Leon, Kansas on December 16, 1977; and robbery of the First National Bank of Attica, Kansas, on January 26, 1978. The government then noted the sentencing provisions of Sec. 1202(a):

"Wherefore, the plaintiff gives notice under Title 18, United States Code, Section 1202(a) Appendix that the defendant has three (3) prior felony convictions for robbery and the maximum penalty for said offense is therefore not more than

---

* Honorable Wesley E. Brown, United States District Senior Judge for the District of Kansas, sitting by designation.

Twenty-Five Thousand Dollars ($25,-000.00) and imprisoned not less than fifteen (15) years, and such sentence shall not be suspended nor shall the defendant be eligible for parole."

■ Defendant contends that the "Information Charging Prior Offenses" constituted an unlawful amendment of the indictment, since Count II only alleged that he possessed a firearm after being convicted of a crime punishable by imprisonment for a term exceeding one year, a charge carrying a maximum sentence of two years. Defendant claims that the alleged "amendment" of the indictment charged a different crime which was punishable by a minimum prison term of 15 years, without parole.

In 1984 Congress amended the provisions of 18 U.S.C. Section 1202(a) Appendix, Pub.L. 98–473, Sec. 1802, the "Armed Career Criminal Act of 1984" by adding to that section, the following provision:

"In the case of a person who receives, possesses, or transports in commerce ... any firearm and who has three previous convictions by any court ... for robbery or burglary, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under this subsection, and such person shall not be eligible for parole with respect to the sentence imposed under this subsection."

This enhanced penalty is designed to designate additional punishment for armed, repeating, criminals. This provision did not create any new federal crime—it only increased the penalty for an already existing federal offense described in Sec. 1202—that crime being the possession of a firearm after being convicted of a felony. Since the new provisions do not prescribe any specific method of alleging the prior convictions in order to pursue the enhanced penalty, the Department of Justice has proceeded in the manner used in the case of dangerous special drug offenders, where the statute does set out the specific means for establishing the prior convictions. Thus, Title 21 U.S.C. Sec. 851 provides:

"Sec. 851. Proceedings to establish prior convictions.

Information filed by United States Attorney

(a)(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States Attorney files an information with the court ... stating in writing the previous convictions to be relied upon. Upon a showing by the United States Attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence."

The Information filed in this case merely gave notice to the defendant and the court that the government was seeking the enhanced penalty provided by the statute. The defendant did not deny the fact of the three prior convictions for bank robbery, and the question of these convictions was only an issue for the court at the time of sentencing. Indeed, if all of defendant's prior convictions had been set out in the indictment, this would have been prejudicial to the defendant.

The procedure used by government in this instance in seeking the enhanced penalty was appropriate and without error. The defendant's claim that he is entitled to remand for resentencing is without merit.

■ Defendant next complains that the evidence of defendant's possession of a firearm which had been transported in interstate commerce was insufficient to support his conviction on Count II of the indictment.

The only elements necessary to prove the violation set out in Section 1202(a) Appendix, are the possession of a firearm by the defendant; proof that the firearm had moved in or affected interstate commerce; and proof of the fact that defendant had a prior felony conviction. Proof of this latter fact was provided in this instance by a stipulation of the parties.

Although the bank robbers were disguised at the Tuttle, Oklahoma bank, there was ample evidence for the jury to find that defendant Gregg was the younger, taller robber, who was armed with a pistol at the time of the robbery. Several witnesses testified concerning Gregg's own statements that he was a bank robber, and Carrol Johnson testified that Gregg had said he had robbed a bank in Oklahoma of over $140,000. Another witness testified that the Tuttle Bank robbery was the only one in Oklahoma during a period of years in which over $100,000 had been taken.[1] Another witness, George Wilson, testified to his participation in another bank robbery at Colony, Kansas, with Earl Gregg, about six weeks after the Tuttle bank robbery, in which the disguises used in the bank and the purchase of a get-away car were almost exactly similar to the circumstances of the Tuttle, Oklahoma robbery.

The firearm possessed by Gregg at the time of the robbery was variously described by bank employees and customers. Richard Dibler, president of the bank described it as "kind of a blue steel revolver, about a three, four-inch barrel on it." The cashier described the gun as "about so long … like a cowboy gun that you see in the movies … it had white handles…." Witness Whitley, who was a customer in the bank, described the gun as a .22 revolver, with the hammer cocked back on it. He assumed "it was a single action pistol by the way he had the hammer cocked back

… he would have to pull the hammer back to shoot the gun, which made me think it was a single action pistol. It was black, had white grips on it. It looked similar to a pistol, Ruger pistol, that my father has." Finally, another customer, witness Poweschieck, who had spent six years in the Special Forces as a weapons specialist, described the gun in great detail:

> "It was a .22 single action revolver, the western type…. It had probably fake ivory pistol grips on it…. It looked to me like a Ruger, made by Ruger…."

This witness also stated that it was a real gun, and not a toy gun.

The fact that the gun in question had moved in interstate commerce was shown by two witnesses. James Looney of the Oklahoma State Bureau of Investigation, and a weapons specialist, testified that there were no major gun manufacturers in the State of Oklahoma. He also testified that Ruger single action and automatic, semi-automatic weapons are made at Southport, Connecticut, while Ruger rifles and double action revolvers are made in Newport, New Hampshire. In addition, the witness Carrol Johnson testified that defendant Gregg had guns when he arrived from Missouri a few days prior to the robbery.[2]

■ This evidence was sufficient to establish that on May 20, 1985, at Tuttle, Oklahoma, the defendant Gregg, having previously been convicted of a felony, did possess a firearm which had previously been shipped in interstate commerce. The government was not required to produce an actual firearm at trial, or prove the specific manufacturer or serial number of the firearm in question. Proof that a firearm is manufactured outside the state in which the possession occurred is sufficient to support a finding that the possession was in or affected commerce. *United*

---

1. The cashier of the bank testified to a loss of $133,626.00.

2. When Gregg was arrested in Arkansas on July 30, 1985, a blue and white bandanna, similar to that used by the bank robbers in Tuttle as a disguise, was found in his car, along with two hand guns, one carbine, $600 cash, and $27,000 in travelers' checks. One of the hand guns was a Ruger Security Six .357 Magnum revolver with dark finish and handle, and the other was a Sterling .380 automatic, with a silver type finish.

States v. Johnson, 722 F.2d 407 (8th Cir. 1983). Defendant was not entitled to judgment of acquittal on Count II of the indictment.

Defendant contends that the district court erroneously denied his motion to sever the two counts of the indictment for trial, because his prior conviction would not have been admissible at the trial of count one unless he testified. Gregg believes that by joining the two counts for trial, the government created an unfair situation in which the jury was made aware of his prior conviction for bank robbery. In this connection, defendant relies upon *United States v. Busic*, 587 F.2d 577, 585, (3rd Cir.1978), *reversed on other grounds*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980) *on remand*, 639 F.2d 940 (3rd Cir. 1981), *cert. den.* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422.

■ In a recent case, *United States v. Valentine*, 706 F.2d 282, 290, (10th Cir. 1983), where defendant was charged with narcotics offenses and possession of a firearm after conviction of a felony, this Circuit approved the denial of severance, specifically refusing to follow the *Busic* case. Here, as in *Valentine*, both counts of the indictment grew out of defendant's own conduct on the occasion of the bank robbery in Tuttle, Oklahoma. In all cases, a decision to grant a severance is within the sound discretion of the trial court, and its decision will not be reversed except for abuse of discretion and "a strong showing of prejudice." *United States v. Strand*, 617 F.2d 571, 575 (10th Cir.1980), *cert. den.* 499 U.S. 841, 101 S.Ct. 120, 66 L.Ed.2d 48 (1980). Here, even if there had been a severance of counts, the jury would have heard evidence of defendant's participation in bank robberies prior to, and after the date of the Tuttle robbery. The witnesses Johnson, Wilson, and Mrs. Herron, all testified to Gregg's own statements concerning his extensive career in that area. There was no abuse of discretion in the denial of severance.

The judgment of the district court is AFFIRMED.