**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ORLANDO JOSE GARCIA,

Defendant - Appellant.

No. 05-2217
(D.C. No. CR-03-1746)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

Defendant-Appellant Orlando Jose Garcia pled guilty to being a felon in

possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He

was sentenced to 180 months imprisonment under the Armed Career Criminal

provisions in 18 U.S.C. § 924(e) ("Armed Career Criminal Act" or "ACCA") and

U.S.S.G § 4B1.4. On appeal, he argues that the district court erred in imposing

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

his sentence because (1) the maximum sentence for the crimes he pled guilty to was ten years, (2) he was not indicted for a violation of § 924(e), (3) the government's notice of intent to seek an enhancement was defective, (4) the government's list of his prior convictions was different than that of the probation department (resulting in two sets of prior convictions), and (5) the judgment does not refer to the ACCA. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

## Background

The parties are familiar with the facts leading to Mr. Garcia's arrest, and we repeat here only those necessary to our disposition. During a traffic stop of a vehicle in which Mr. Garcia was a passenger, officers recovered a loaded Smith and Wesson .357 revolver. A federal grand jury indicted him on three counts of being a felon in possession of a firearm and ammunition. Mr. Garcia pled guilty to one count with a maximum penalty of ten years, but fifteen years if he was determined to be an armed career criminal. Doc. 24 at 2, ¶ 4(a), at 3, ¶ 6(d). He was so advised, and reserved his right to appeal any sentence imposed under the ACCA. V R. at 8-9, 11-12; Doc. 24 at 3, ¶ 6(d). The government filed a notice of its intention to seek an enhanced sentence pursuant to the ACCA, but mistakenly cited 18 U.S.C. § 924(c), rather than § 924(e).

The Pre-Sentence Report ("PSR") determined that Mr. Garcia was an armed

career criminal under 18 U.S.C. § 924(e), based on past convictions for residential burglary, aggravated burglary and escape from jail.  Mr. Garcia objected to the PSR under United States v. Booker, 543 U.S. 220 (2005) and Blakely v. Washington, 542 U.S. 296 (2004), arguing against a Guidelines sentence under the ACCA.  He also took issue with the felonies relied upon and argued that some of the violent felonies were not sufficiently distinguished from one another to be separate.  He further objected to not being charged under § 924(e) by indictment, and to the government's notice which mistakenly identified § 924(c), rather than § 924(e).  The district court determined that Mr. Garcia was an armed career criminal based on five prior convictions,[1] I R. Doc. 41 at 1-2; IV R. 9-10, and enhanced his sentence accordingly.

Discussion

We review a sentencing enhancement under the ACCA de novo.  United States v. Moore, 401 F.3d 1220, 1224 (10th Cir. 2005).  As Mr. Garcia concedes, this court has held post-Booker that the existence and classification of prior

---

[1] The ACCA mandates that a defendant who violates 18 U.S.C. § 922(g) and has "three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). Section 4B1.4 of the Sentencing Guidelines defines those subject to enhancement under the ACCA as "armed career criminal[s]" and likewise provides for an enhanced sentencing offense level and criminal history category.  The three prior convictions must arise from separate criminal transactions.  United States v. Michel, 446 F.3d 1122, 1133-35 (10th Cir. 2005).

convictions used to enhance a defendant's sentence need not be charged in the indictment and submitted to a jury.  See id. ("[W]e are bound by existing precedent to hold that the Almendarez-Torres exception to the rule announced in Apprendi and extended to the Guidelines in Booker remains good law. . . . We therefore conclude that the government need not charge the 'fact' of a prior conviction in an indictment and submit it to a jury."); United States v. Small, 423 F.3d 1164, 1188 (10th Cir. 2005) (holding that the district court's career offender findings under § 4B1.1 did not implicate the Sixth Amendment, and that "whether the present offense and prior offenses constitute felonies that are crimes of violence or controlled substance offenses are questions of law unaffected by the Supreme Court's holding in Booker ").  We have adhered to this position.  United States v. Michel, 446 F.3d 1122, 1132-33 (10th Cir. 2006).  Accordingly, we reject Mr. Garcia's arguments premised on a need to indict him under § 924(e) and specify the pertinent felonies.

Mr. Garcia's argument that he received insufficient notice about the ACCA enhancement is also unpersuasive.  Procedural due process requires only reasonable notice of, and an opportunity to be heard, concerning the prior convictions.  See Oyler v. Boles, 368 U.S. 448, 452 (1962) ("Nevertheless, a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense."); cf. United States v. Gregg, 803

F.2d 568, 570 (10th Cir.1986) (noting that ACCA does "not prescribe any specific method of alleging . . . prior convictions" in pursuit of enhancement).

Here, Mr. Garcia's received actual notice of the possibility of an ACCA enhancement in a reasonable time, and he had an opportunity to be heard concerning that status. See III R. at 12 (government represents it provided notice prior to the plea); Doc. 24 at 2-3 (plea agreement); V R. at 8-9 (Mr. Garcia informed at change of plea hearing); II R. ¶ 26 (PSR); III R. at 16 (sentencing hearing). Moreover, the addendum to the PSR's failure to include one of Mr. Garcia's five prior convictions did not render notice inadequate. The addendum and the court's order contained at least three of the same qualifying convictions and Mr. Garcia had more than enough time between his receipt of the PSR and the sentencing hearing to make the appropriate objections. Mr. Garcia does not explain how any of these convictions would not qualify under the current state of the law. See United States v. Harris, 447 F.3d 1300, 1302-06 (10th Cir. 2006). Finally, the district court's failure to include a reference to the ACCA in its final judgment does not render the judgment illegal. The judgment pronounced the sentence imposed. We can find no requirement that a judgment reflect any applied enhancements.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge