Ruby L. SMITH, Mark Mendenhall, Mark D. Boles, Kevin Hullinger, Lovett Farms, and Stephen C. Kyner, Plaintiffs,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, Thomas J. Vilsack, in his official capacity as Secretary of the United States Department of Agriculture, Farm Services Agency, Juan Garcia, in his official capacity as Administrator of the Farm Services Agency, Iowa State Farm Service Agency, and John Whitaker, in his official capacity as Executive Director of the Iowa State Farm Service Agency, Defendants.

No. 4:12–cv–362 RP–CFB.

United States District Court,
S.D. Iowa,
Central Division.

Aug. 28, 2012.

Andrew Paul Lesko, Verle William Norris, Law Office of Verle W. Norris, Corydon, IA, for Plaintiffs.

Gary L. Hayward, United States Attorney, Des Moines, IA, for Defendants.

ORDER

ROBERT W. PRATT, District Judge.

Currently before the Court is Defendants' Motion to Dismiss ("MTD") filed on

August 20, 2012. Clerk's No. 6. Plaintiffs filed a response on August 24, 2012 ("Resistance"). Clerk's No. 18. Defendants replied on August 27, 2012 ("Reply"). Clerk's No. 19. The matter is fully submitted.

## I. FACTUAL BACKGROUND

Plaintiffs challenge Defendants' decision to close the Decatur County Farm Service Agency ("FSA") office. *See* Compl. ¶¶ 19, 21. Plaintiffs are all farmers participating in various farm programs in Decatur County, Iowa. *See id.* ¶¶ 1–6. Defendant United States Department of Agriculture (the "USDA") approved the closure of the Decatur County FSA office—which is located in Leon, Iowa—on May 29, 2012. *See id.* ¶ 31; *see also* Clerk's No. 1–1 at 6. In deciding to close this office, the USDA followed the mandate of 7 U.S.C. § 6932a to first consider closing FSA offices with two or fewer permanent full-time employees that are also located within twenty miles of another FSA office. Compl. ¶ 25. Using Euclidean miles, the USDA calculated that the Decatur County FSA office was located "19.99 miles from the nearest FSA office located in Osceola, Iowa." [1] *Id.* ¶ 26. Plaintiffs, however, allege that the USDA "used the wrong building in Clarke County to measure the distance between the Decatur County and the Clarke County FSA offices." *Id.* ¶ 35. Due to this mistake, Plaintiffs claim that the calculated distance is shorter by "more than 240 feet, . . . [and, therefore,] the Decatur County FSA office is more than 20 Euclidean miles from the Clarke County FSA office." *Id.* ¶ 37. Since the USDA incorrectly calculated this distance, Plaintiffs insist that the USDA should remove the Decatur

County office from the closure list.[2] *See id.*

Currently, the Decatur County FSA office has only one permanent full-time employee who has been offered an early retirement package. *See id.* ¶ 42. If she accepts the retirement package, her last day of work would be August 28, 2012. *See id.* Thus, her potential acceptance of the early retirement package could lead to the closure of this office on August 28, 2012, rather than on the original closing date of "no later than September 28, 2012." *See id.*

## II. STANDARDS OF REVIEW

Defendants move to dismiss this lawsuit on two grounds: (1) lack of subject matter jurisdiction, *see* Fed.R.Civ.P. 12(b)(1); and (2) failure to state a claim upon which relief can be granted, *see* Fed.R.Civ.P. 12(b)(6). *See* Defs.' MTD at 1.

### A. *Lack of Subject Matter Jurisdiction*

In order for the Court to dismiss a claim under Federal Rule of Civil Procedure 12(b)(1), the opposing party must successfully challenge the claim "on its face or the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). Facial challenges are limited to analyzing the face of the complaint. *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir.2005). Under a facial challenge, each factual allegation concerning jurisdiction is presumed to be true. *Titus*, 4 F.3d at 593. Thus, the moving party's motion can be "successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* Factual challenges invoke facts other

---

**1.** The Clarke County FSA office is located in Osceola, Iowa. *See* Compl. ¶ 29.

**2.** On May 29, 2012, the USDA removed six FSA offices from the closure list due to incorrect distance calculations. *See* Compl. ¶¶ 39–

40. These offices were the Lafayette County, Arkansas office, the Boulder County, Colorado office, the Pamlico County, North Carolina office, the York County, South Carolina office, the St. Mary Parish, Louisiana office, and the Mayes County, Oklahoma office. *See id.* ¶ 39.

than those pled in the complaint. *Osborn v. United States,* 918 F.2d 724, 729 n. 6 (8th Cir.1990). If a party mounts a factual challenge, "the Court may look outside the pleadings to determine whether jurisdiction exists, and the nonmoving party loses the benefit of favorable inferences from its factual statements." *Dolls, Inc. v. City of Coralville,* 425 F.Supp.2d 958, 970 (S.D.Iowa 2006). Here, Defendants appear to assert a facial challenge.

## B. *Failure to State a Claim Upon Which Relief Can Be Granted*

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In reviewing a complaint, a court must "accept as true all of the factual allegations contained in the complaint," and must draw "all reasonable inferences ... in favor of the plaintiff." *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir.2008) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

A viable complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Twombly,* 550 U.S. at 570, 127 S.Ct. 1955. "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.' It is not, however, a 'probabil-

ity requirement.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937).

The Supreme Court, in *Iqbal,* described a "two-pronged approach" for evaluating complaints challenged under Rule 12(b)(6). *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937. First, a court should divide the allegations between factual and legal allegations; factual allegations should be accepted as true, but legal allegations should be disregarded. *Id.* Second, the factual allegations must be parsed for facial plausibility. *Id.*

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 678, 129 S.Ct. 1937 (citing *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955).

The "parsing" process requires careful examination of the plaintiff's allegations, however, "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden,* 588 F.3d at 594. Indeed, "[r]equiring a plaintiff to rule out every possible lawful explanation for the conduct he challenges would invert the principle that the complaint is construed most favorably to the nonmoving party, and would impose the sort of probability requirement at the pleading stage which *Iqbal* and *Twombly* explicitly reject." *Id.* at 597 (internal quotations and citations omitted).

A court will "draw on its judicial experience and common sense" when determining whether a complaint states a plausible claim for relief. *Iqbal,* 556 U.S. at 679, 129

S.Ct. 1937. Thus, the Court may consider other, more likely explanations for the acts described in the complaint when determining whether the pleaded factual allegations give rise to a plausible entitlement to relief. *Id.* at 680, 129 S.Ct. 1937. But the Court must always be mindful that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). "[W]hile a plaintiff must offer sufficient factual allegations to show that he or she is not merely engaged in a fishing expedition or strike suit, [a court] must also take account of [his or her] limited access to crucial information." *Braden,* 588 F.3d at 597.

### III. LAW AND ANALYSIS

Defendants move to dismiss this case because the Court lacks subject matter jurisdiction over the lawsuit and because Plaintiffs have failed to state a claim upon which relief can be granted. *See* Defs.' MTD ¶¶ 3–6. Plaintiffs insist that dismissing this case would be an error because Plaintiffs have standing, because 7 U.S.C. § 6932a creates a private right of action, and because 5 U.S.C. §§ 702, 704, and 706 waive the government's sovereign immunity. *See* Pls.' Resistance ¶ 1.

For reasons that follow, the Court finds Defendants' arguments persuasive and, accordingly, GRANTS their Motion to Dismiss.

### A. The Court Lacks Subject Matter Jurisdiction Over This Case

Defendants argue that this Court lacks subject matter jurisdiction because there is no case or controversy and because the federal government has not waived its sovereign immunity. *See* Defs.' MTD ¶¶ 3–4. The Court agrees.

#### 1. No case or controversy.

The case-or-controversy requirement is a prerequisite for invoking the jurisdiction of the federal courts under Article III of the U.S. Constitution. *See* U.S. CONST. art. III, § 2; *see also Conway Sch. Dist. v. Wilhoit,* 854 F.Supp. 1430, 1432 (E.D.Ark.1994). Standing is one of "the several doctrines ... that have elaborated the 'case or controversy' requirement." *Id.* (internal citation omitted). Standing has the following elements: (1) "injury in fact[, or] an invasion of a legally protected interest which is"; (2) "concrete and particularized"[;] (3) "actual or imminent, not conjectural or hypothetical"[;] and (4) causation "between the injury and the conduct complained of." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Furthermore, a favorable judicial decision should be capable of providing relief from the claimed injury. *See Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). "[T]he standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Id.* at 752, 104 S.Ct. 3315. If a plaintiff lacks standing, the district court has no subject matter jurisdiction. *See Faibisch v. Univ. of Minn.,* 304 F.3d 797, 801 (8th Cir.2002) (internal citation omitted). Therefore, if Plaintiffs here lack standing, their lawsuit must be dismissed under Federal Rule of Civil Procedure 12(b)(1). *See* Fed.R.Civ.P. 12(b)(1).

Defendants argue that Plaintiffs lack standing. *See* Defs.' MTD at 8–11. Specifically, Defendants contend that Plaintiffs have not suffered any injury because they "have no legally protected interest in the location selected by the USDA or FSA for its local service centers." *Id.* at 8–9. In support of their position, Defendants rely on *Duba v.*

*Schuetzle,* 303 F.2d 570 (8th Cir.1962). *See id.* at 8–11.

Plaintiffs respond by admitting that they do not have a "legally protected interest in the location selected by the USDA or FSA for its local service centers[,]" but insist that, once the location is determined, they have a legally protected interest "in the closure of such an office due to § 6932a." [3] Pls.' Resistance at 2. Plaintiffs also dispute that *Duba* is at all relevant to this case. *See id.* at 1–2. Specifically, Plaintiffs urge this Court not to rely on *Duba* mainly because its facts are distinguishable from the facts of this case and because "the protections of § 6932a did not exist in 1962" when *Duba* was decided. *Id.* at 2.

■ At issue in *Duba* was a preliminary injunction requiring relocation of the Campbell County, South Dakota office of the Agricultural Stabilization and Conservation Committee (the "ASC Committee" or the "Committee") from Herreid, South Dakota back to Mound City, South Dakota. *See Duba,* 303 F.2d at 571–72. Four of the *Duba* plaintiffs were farmers, one was the owner of the building in Mound City formerly housing the Campbell County ASC Committee, and the other three were suspended members of the Committee. *See id.* at 575. The *Duba* court held that the plaintiffs' interest in the location of the Committee office was not a legally protected interest because it is "common to that shared by other citizens in the Mound City area." *Id.* Thus, any economic loss associated with the relocation of the ASC Com-

mittee office from Mound City to Herreid "is insufficient, in the absence of any statutory right, to confer upon plaintiffs legal standing." *Id.* To have standing, a plaintiff "must first establish a legal right, *personal to himself, as opposed to the interest of the public generally.*" *Id.* at 574 (emphasis added). *Duba* further held that the public's interest in the administration of the law is not a legally protected interest. *Id.* (internal citation omitted).

■ The Court finds *Duba* instructive on the issue of standing. To the extent that Plaintiffs here have established any invasion of a legally protected right, it would seem to be their interest in the USDA's compliance with 7 U.S.C. § 6932a. *See, e.g.,* Compl. ¶¶ 46, 48, 55, 62; *see also* Pls.' Resistance at 6 ("Plaintiffs have been injured due to the fact that the Defendants have failed to adhere to the statutory criteria set forth in [7 U.S.C. § 6932a regarding the closure of FSA offices]."). The interest in the proper application of 7 U.S.C. § 6932a is not a legally protected right, however. *See Duba,* 303 F.2d at 574 (citing *Perkins v. Lukens Steel Co.,* 310 U.S. 113, 125, 60 S.Ct. 869, 84 L.Ed. 1108 (1940)). Still, Plaintiffs insist that "[p]roving injury for the purposes of standing [when challenging an agency action] is not a difficult task." Pls.' Resistance at 4. After citing several Eighth Circuit and U.S. Supreme Court cases where the respective courts found standing, Plaintiffs summarily conclude that they have standing to seek enforcement of § 6932a. [4] *See*

---

3. Plaintiffs do not elaborate on this argument, nor do they cite any legal authority for support. *See* Defs.' Reply ¶ 1 ("Plaintiffs cite no authority giving them any legally protected personal interest in the location of the FSA office."). The Court finds Plaintiffs' position somewhat perplexing. Specifically, it is unclear why Plaintiffs feel entitled to a Decatur County FSA office when they "readily admit that they have no legally protected interest in the location" of the USDA's FSA offices. Pls.'

Resistance at 2. It seems axiomatic that Plaintiffs claim to have acquired a legally protected interest, that they otherwise lacked, in the Decatur County FSA office simply because they temporarily enjoyed the convenience of such an office.

4. Defendants are correct in summarizing that what all of those cases have in common is an injury to a legally protected interest. *See* Defs.' Reply ¶ 1 ("But each of those cases

Pls.' Resistance at 4–6.

■ To have standing, Plaintiffs must allege some economic or non-economic injury. Plaintiffs have not done so. *See generally* Pls.' Resistance at 4–6. They merely state that "[they] have been injured due to the fact that Defendants have failed to adhere to the statutory criteria" for closing FSA offices in 7 U.S.C. § 6932a. *Id.* at 6. Defendants' alleged violation of § 6932a is also the theme of Plaintiffs' Complaint. *See generally* Compl. It is riddled with allegations that Defendants' violation of § 6932a has caused damages to Plaintiffs. *See, e.g., id.* ¶¶ 48, 53, 55, 61–62. Similar to their Resistance, however, Plaintiffs' Complaint does not specify what these damages are. *See generally id.*

Since Plaintiffs' interest in the proper application of the law is not a legally protected right, the Court is dubious that Plaintiffs could even arguably state such a right. Closing the Decatur County FSA office will not cost Plaintiffs their continued participation in farm programs and services offered by the FSA; they will merely need to travel to the next closest FSA office in Osceola, Iowa for any in-person assistance. *See* Defs.' Reply ¶ 1 ("[T]he closing of the [Decatur County] FSA office in Leon does not adversely affect the nature, quality, or extent of the farm programs and benefits available to the Plaintiffs in this case, nor does it affect their farming operations in any material manner. The only change is the location of the office where such programs and benefits are serviced."). The Court is

aware that traveling to Osceola, rather than Leon, will likely result in some additional expense for some of Plaintiffs. Such expense is, however, negligible and is, therefore, insufficient to confer standing. *See Huddy v. Federal Commc'ns Comm'n,* 236 F.3d 720, 722 (D.C.Cir.2001) (holding that the asserted injury must be present or expected, legally cognizable, and non-negligible).

Furthermore, although not pled by Plaintiffs, to the extent that the Complaint can be read to identify the economic loss to Decatur County and the Town of Leon as Plaintiffs' injury, such economic loss is not particular to Plaintiffs; rather, it is common to the entire Decatur County community. Accordingly, this economic loss does not rise to the level of an injury in fact. *See Duba,* 303 F.2d at 574. Therefore, the Court concludes that Plaintiffs lack standing to bring this lawsuit. Accordingly, the Court lacks subject matter jurisdiction over the case, and it should be dismissed.

2. *Sovereign immunity.*[5]

■ The United States and any of its agencies cannot be sued, unless the federal government has waived its sovereign immunity. *See Dep't of the Army v. Blue Fox, Inc.,* 525 U.S. 255, 260, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999) (internal citation omitted). Courts are to strictly construe "in favor of the sovereign" any statutes purporting to waive sovereign immunity. *Id.* at 261, 119 S.Ct. 687. Any such waiver must be " 'unequivocally expressed' in the statutory text." *Id.* (internal citation omitted).

---

involved some restriction on the plaintiffs' personal ability to use or enjoy federal programs or services."). In contrast, Plaintiffs here have failed to allege any injury to a legally protected interest.

5. In their Resistance, Plaintiffs do not argue that 28 U.S.C. §§ 1331, 1361, 2201, or 2002 waive the government's sovereign immunity.

Rather, they focus solely on 5 U.S.C. §§ 702, 704, and 706. *See* Pls.' Resistance at 6–10. To fully cover all of Plaintiffs' claimed bases for subject matter jurisdiction, however, the Court will briefly examine these statutory provisions, which are relied upon in Plaintiffs' Complaint but not addressed in their Resistance. *See* Compl. ¶ 14.

In this case, Plaintiffs are suing, pursuant to 28 U.S.C. §§ 1331, 1361, 2201–02, and 5 U.S.C. §§ 702–04, the USDA, its Secretary in his official capacity, the FSA, its Administrator in his official capacity, the Iowa State FSA, and its Executive Director in his official capacity.[6] *See* Compl. ¶ 14.

### a. *28 U.S.C. § 1331.*

Section 1331 confers civil federal question jurisdiction on the district courts to adjudicate cases arising under the Constitution, laws, and treaties of the United States. *See Sabhari v. Reno*, 197 F.3d 938, 943 (8th Cir.1999); *see also* 28 U.S.C. § 1331. This provision, however, does not in itself waive the federal government's sovereign immunity. *See id.* (internal citation omitted). Thus, a plaintiff may rely on 28 U.S.C. § 1331 to establish subject matter jurisdiction only if there is another statutory provision waiving the federal government's sovereign immunity. *See id.* Plaintiffs have cited no legal authority, nor has the Court found any, supporting the proposition that § 1331 alone waives the government's immunity to suit. Therefore, the Court finds that Plaintiffs' reliance on this provision alone is insufficient to confer subject matter jurisdiction over this lawsuit.

### b. *28 U.S.C. § 1361.*

This provision is known as the mandamus statute. *See In re Russell*, 155 F.3d 1012, 1012 (8th Cir.1998). It states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "It is well settled[, however,] that the mandamus statute ... does not provide a waiver of sovereign immunity." *In re Russell*, 155 F.3d at 1012 (internal citations omitted). Plaintiffs have cited no legal authority to the contrary. Indeed, such authority does not exist. Accordingly, the Court finds that § 1361 does not confer subject matter jurisdiction over this litigation.

### c. *28 U.S.C. §§ 2201–02.*

These two provisions are known as the Declaratory Judgment Act (the "DJA"). *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). The DJA does not extend the jurisdiction of the federal district courts. *See id.* It simply expands "the range of remedies available in the federal courts." *Id.* Plaintiffs have not cited any authority to the contrary. Therefore, the Court finds that the DJA does not confer subject matter jurisdiction over this suit.

### d. *5 U.S.C. §§ 702–04.*[7]

These provisions are a part of the Administrative Procedure Act (the

---

6. Both the FSA and the Iowa State FSA are divisions of the USDA. *See* http://www.fsa.usda.gov/FSA. Furthermore, suing the Secretary of Agriculture, the Administrator of the FSA, and the Executive Director of the Iowa State FSA in their official capacity is tantamount to suing the respective government agencies. *See Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Therefore, Plaintiffs are suing only the United States government, despite the fact that they have named six separate defendants.

7. Plaintiffs also claim that "[they] clearly have standing to sue under § 706, which ... allows for review of agency 'findings and conclusions' found to be 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" Pls.' Resistance at 7. The Court notes that 5 U.S.C. § 706 does not independently establish authority for judicial review of agency actions; rather, it simply prescribes the scope of judicial review for reviewable agency actions. *See generally* 5 U.S.C. § 706. Therefore, Plaintiffs' argument

"APA"). *See Preferred Risk Mut. Ins. Co. v. United States,* 86 F.3d 789, 791 (8th Cir.1996). The APA waives the government's sovereign immunity by consenting to judicial review of agency actions. *See id.* at 792. Since the APA is a procedural statute, however, a plaintiff cannot sue for a violation of the APA itself. *See id.* Instead, a plaintiff needs to identify a statute or regulation that the agency action violated. *See id.* Such substantive statute need not "independently waive[ ] federal sovereign immunity" because, actually, 5 U.S.C. § 702 effects such waiver. *Id.*

 A plaintiff "claiming a right to review" an agency action must specify how that agency action has resulted in a "legal wrong" to the plaintiff. *Preferred Risk Mut. Ins. Co.,* 86 F.3d at 792. In other words, the APA waiver of sovereign immunity has two requirements: an agency action[8] and a legal wrong. *See id.* A legal wrong is any invasion of a legally protected right. *See id.* at 793 n. 5. An agency action "includes . . . an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). The APA has established two types of reviewable agency actions: those "reviewable by statute" and "final agency action[s] for which there is no other adequate remedy in a court." 5 U.S.C. § 704.

As discussed above, Plaintiffs do not have standing to sue in this case because they have suffered no legal wrong. *See supra* Section III.A.1. Accordingly, they cannot seek judicial review of the USDA's decision to close the Decatur County FSA office. Furthermore, even if Plaintiffs had standing, the Court does not believe that the USDA's decision constitutes a *reviewa-ble* agency action. The Court has not been able to locate any statute specifically providing that decisions regarding the closure of FSA offices are reviewable. Thus, the decision to close the Decatur County office will be subject to review only if it is a "final agency action." 5 U.S.C. § 704.

 There are two requirements for finality of an agency decision. *See Union Pac. R.R. Co. v. U.S. Dep't of Homeland Sec.,* No. 8:08CV336, 2010 U.S. Dist. LEXIS 61934, at *22 (D. Neb. June 11, 2010). First, the decision "must not be of merely tentative or interlocutory nature." *Id.* Second, it must be one which determines a right or obligation so that legal consequences will flow from it. *See Interstate Commerce Comm'n v. Atl. Coast Line R.R. Co.,* 383 U.S. 576, 602, 86 S.Ct. 1000, 16 L.Ed.2d 109 (1966) (internal quotation marks omitted). The first element of this two-prong analysis is met because the USDA's decision to close the Decatur County office has already been made. The Court finds, however, that the second element is absent. This decision does not determine any rights or obligations with respect to Plaintiffs; therefore, no legal consequences flow from it. Consequently, since Plaintiffs have not suffered a legal wrong and since the USDA's decision to close the Decatur County FSA office does not constitute a final agency action, the Court concludes that it does not have subject matter jurisdiction over this case.

### B. *Failure To State a Claim for Relief*

Because the Court has already concluded that it lacks subject matter jurisdiction over this lawsuit, it need not discuss whether Plaintiffs have failed to state a

---

that this provision waives the government's sovereign immunity is unavailing.

8. In the interest of conserving judicial resources, the Court will assume, for the pur-pose of this Order, that the USDA's decision to close the Decatur County FSA office is indeed an agency action within the meaning of 5 U.S.C. § 551(13).

claim for relief. Even assuming that the Court had subject matter jurisdiction, however, granting Defendants' MTD would still be proper because 7 U.S.C. § 6932a does not create a private right of action.[9] *See* Defs.' MTD ¶ 5. In arguing the contrary, Plaintiffs maintain that "[t]he language of the statute at issue implicitly creates a private right of action" and that the purpose for enacting 7 U.S.C. § 6932a was to protect farmers from FSA office closures. *Id.* at 12, 13.

"[P]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval,* 532 U.S. 275, 286, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001) (internal citation omitted). A court's task is to interpret the statute at issue to determine whether Congress intended to create "not just a private right but also a private remedy." *Id.* (internal citation omitted). If Congress did not so intend, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter." *Id.* (internal citations omitted).

A proper interpretation of § 6932a—the provision that the USDA allegedly violated—can compel but one conclusion: Congress did not intend to create a private right of action as a way to remedy violations of this provision. All that § 6932a does is impose certain restrictions [10] on the Secretary of Agriculture's

discretion to close FSA offices. *See* 7 U.S.C. § 6932a(b). No reasonable statutory interpretation, however, can transform these restrictions into a private right of action. Furthermore, there is nothing in this provision's legislative history indicating that Congress intended to create a private right of action.[11] The Court finds it plausible that the purpose behind enacting 7 U.S.C. § 6932a(b) was simply to prescribe certain criteria to guide the Secretary of Agriculture in deciding which FSA offices to close. Following these criteria would ensure, "to the maximum extent practicable," that the remaining FSA offices will be evenly dispersed across the country. *See* 7 U.S.C. § 6932a(b)(1).

Plaintiffs further argue that "[i]f [they] are not able to bring an action against the Defendants in this matter, then the statute is nothing more than empty words." Pls.' Resistance at 12. The Court disagrees. The fact that Plaintiffs do not have a private right of action to remedy alleged violations of § 6932a does not mean that "the Secretary [of Agriculture] can violate [this provision] ... with no consequences." *See* Pls.' Resistance at 12. The lack of a private right of action is not a carte blanche for the Secretary to disregard § 6932a's mandate. If, in closing FSA offices, the Secretary declines to follow the criteria and procedures established by Congress, the Secretary's decisions will undoubtedly

---

**9.** Defendants also argue that they did not violate 7 U.S.C. § 6932a. *See* Defs.' MTD ¶ 6. The Court sees no need to discuss the merits of this argument, however, given its conclusion that Plaintiffs' claim fails for other reasons discussed in this Order.

**10.** Plaintiffs place too much reliance on the title of § 6932a—"Prohibition on Closure or Relocation of County Offices for the Farm Service Agency"—as support for their argument that the very text of the provision implicitly creates a private right of action. *See* Pls.' Resistance at 13. Actually, a closer examination of 7 U.S.C. § 6932a leaves no

doubt that this "unusually harsh language" relates only to § 6932a(a)(1). *See id.* Indeed, § 6932a(a)(1) contains an absolute prohibition on the closure or relocation of FSA offices for the two-year period commencing with the enactment of the 2008 Farm Bill. *See* 7 U.S.C. § 6932a(a)(1). What the USDA allegedly violated, however, is § 6932a(b), not § 6932a(a)(1). Thus, Plaintiffs' reliance on the title of § 6932a is misguided.

**11.** In fact, the Court was unable to locate any legislative history concerning 7 U.S.C. § 6932a(b).

face considerable scrutiny. Thus, Plaintiffs' assertion that a private right of action is the only vehicle to ensure the Secretary's compliance with § 6932a could not be further from the truth. Indeed, Plaintiffs are not without a remedy in seeking the Secretary's compliance with the provision at issue as they can seek, and indeed have sought, redress through the political process. *See* Compl. ¶¶ 24–26, 33–34. Therefore, what the Court holds today is simply that Plaintiffs cannot turn to the courts for relief where, as here, there is no legal support for a conclusion that Congress ever contemplated a private right of action under § 6932a.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Clerk's No. 6) is GRANTED. IN light of this ruling, Plaintiffs' Motion for Preliminary Injunction (Clerk's No. 2) is DENIED as moot.

IT IS SO ORDERED.