**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SARA RUIZ,

    Defendant - Appellant.

No. 19-2175
(D.C. No. 1:16-CR-02934-MV-2)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

Sara Ruiz appeals her conviction under 18 U.S.C. § 924(c) for carrying a firearm in furtherance of a robbery. She argues that the government failed to provide sufficient evidence that the handgun used by her co-conspirator was a real gun, as opposed to a replica or toy gun. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

This appeal arises out of a robbery of the Route 66 Casino Express in Laguna Pueblo. Ruiz waited in a car outside the casino as the getaway driver, and her two

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

co-conspirators entered the casino with a plan to rob the casino's cashier. One of the co-conspirators approached the cashier and pulled out what appeared to be a black revolver. He aimed the revolver at the cashier and demanded money, threatening that he would "start shooting people" if the cashier refused.

A casino security guard heard someone scream, and he approached to investigate the commotion. The co-conspirator pointed his gun at the guard and ordered him to back off. The guard complied because he was worried that he was going to get shot. After securing money from the cashier, the co-conspirators returned to the car, and Ruiz drove them away from the scene.

Ruiz was arrested and charged with six counts, including a violation of § 924(c) based on her co-conspirator's possession of a firearm. At trial, Ruiz argued that there was insufficient evidence that the gun used in the robbery was real. Ruiz noted that the government was unable to produce the firearm used in the robbery and that replica guns are indistinguishable from real guns. In response, the United States presented testimony from the cashier, the security guard, and Special Agent David Clendenin, who testified based on his observations of a surveillance video of the incident. The jury returned a guilty verdict, and Ruiz filed this timely appeal.

**II**

This court reviews sufficiency-of-the-evidence challenges de novo and will affirm if "viewing the evidence in the light most favorable to the government, a reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v. Dobbs, 629 F.3d 1199, 1203 (10th Cir. 2011) (quotation omitted).

2

We consider "both direct and circumstantial [evidence], together with the reasonable inferences to be drawn therefrom." United States v. Cornelius, 696 F.3d 1307, 1316 (10th Cir. 2012) (quotation omitted). This court only reverses when "no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quotation omitted).[1]

Ruiz argues that the government did not provide sufficient evidence that an actual firearm was used in the robbery, which is required to support a conviction under § 924(c)(1). Section 924(c)(1) provides for a five-year minimum consecutive sentence for using or carrying a firearm during and in relation to any crime of violence. The term "firearm" is defined in 18 U.S.C. § 921(a)(3) as a weapon that "will or is designed to . . . expel a projectile by the action of an explosive." A toy or replica gun is not a firearm under § 924(c). United States v. Kamahele, 748 F.3d 984, 1010 (10th Cir. 2014).

To prove beyond a reasonable doubt that a firearm is real, the government is not required to introduce the firearm into evidence. United States v. Hamilton, 992 F.2d 1126, 1130 (10th Cir. 1993). Rather, eyewitness testimony alone can be sufficient to establish the validity of a firearm. United States v. Gregg, 803 F.2d 568,

---

[1] Ruiz suggests that this court should not grant deference to the jury's verdict because the jury was not provided with the definition of "firearm" in the jury instructions and may not have found beyond a reasonable doubt that a real firearm was used in the robbery. It is unclear why a potential error in the jury instructions has any bearing on the standard of review in a separate sufficiency of the evidence claim, and Ruiz provides no authority that supports this claim. Accordingly, we review the sufficiency of the evidence claim under the "no reasonable jury" standard.

571 (10th Cir. 1986); see also United States v. Redd, 161 F.3d 793 (4th Cir. 1998) ("Eyewitness testimony is sufficient to prove that a person used a firearm."); United States v. Jones, 16 F.3d 487, 490 (2d Cir. 1994) (eyewitness testimony is sufficient if it provides "a rational basis for the jury to find that the object observed by eyewitnesses was, in fact, a firearm"). For example, in Gregg, this court concluded that the following testimony was sufficient for a reasonable juror to conclude that a firearm used in a bank robbery was real: (1) the bank's president stated that the gun was "kind of a blue steel revolver, about a three, four-inch barrel on it;" (2) the cashier testified that the gun was "like a cowboy gun that you see in the movies;" (3) one customer stated that it was a .22 revolver; (4) another customer, who spent six years in the Special Forces as a weapons specialist, described the gun as "a .22 single action revolver, the western type" and stated it was a real gun. Gregg, 803 F.2d at 571.

The evidence presented by the government in this case is not materially different from the evidence presented in Gregg. The government presented the testimony of two eyewitnesses who were each personally threatened with the firearm and who had previous experience handling and shooting firearms. First, the casino's cashier testified that one of the co-conspirators pointed a gun at her and stated that he would start shooting people if she did not give him money. She described the gun as a flat black revolver. She had ample time to view the gun at close range, and she had experience using firearms at shooting ranges. Although she admitted on cross examination that she was aware of news stories in which people were shot for pulling out realistic looking replicas, she

4

reaffirmed on redirect that the firearm looked real to her. Next, the casino's security guard testified that he saw the barrel of the gun from ten feet away for a few seconds when the co-conspirator pointed it at him and told him to back away. The guard had been around firearms his whole life, is a hunter, and had previously owned a handgun. He believed that the gun was a genuine black revolver, and he feared that he would be shot.

Additionally, the government admitted a video recording of the robbery into evidence, which was analyzed by David Clendenin, a Special Agent for the Laguna Police Department with 38 years of law enforcement experience. Clendenin testified that the gun was a six-inch black revolver. He noted that it was made of metal and described several parts of the revolver, including its long barrel, cylinder, and shell ejector. When asked whether the gun could be a replica, he admitted that it is difficult to distinguish real and imitation firearms. However, he never retracted his assertion that the gun used in the robbery was real.

The above testimony is sufficient for a rational trier of fact to find beyond a reasonable doubt that an actual gun was used in the robbery. Two eyewitnesses with prior experience using firearms testified that the gun was real, and their testimony was bolstered by a video of the incident and analysis from a Special Agent with substantial law enforcement experience. Absent some evidence beyond the theoretical possibility that the gun was a toy or replica, this is enough to meet the government's burden of proof.

## III

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge